No. 6242.

JOSEPH H. BROWN *v.* THE ABILENE NATIONAL BANK.

1. CONTINUANCE.—On an application for the continuance of a cause the court can not assume the existence of any fact necessary to authorize it when the applicant fails, or is unwilling to set such fact forth in the application.

2. SAME.—On a first application for continuance it was not stated that "due diligence" had been used to procure the testimony of the absent witness, but the date was stated when the subpœna was placed in the hands of the officer. It stated that the witness had been served but did not state when. The process was applied for when the plea of the applicant was filed on March 9, 1886, and the application to continue was made April 2, 1886. *Held,* that the application was properly overruled.

APPEAL from Taylor. Tried below before the Hon. William Kennedy.

*Wray & Stanley,* for appellant: The court erred in overruling intervenor's application for a continuance. Where an intervening creditor, who has acquired an attachment lien on property, seeks to set aside a prior, fraudulent and collusive attachment on some property, and has shown himself entitled to intervene, he is entitled to a continuance, upon a proper application, where due diligence has been shown, and his witnesses are absent. (Blum v. Bassett, 3 S. W. Rep., 33.)

*Spoonts & Legett,* for appellee: An intervenor who seeks to continue a cause, will be held to a stricter showing than the original parties, and he should clearly show the diligence he has used; and, where it is on account of absent witnesses, he should make it appear wherein their testimony is material, and that they were served with process in time to enable them to be in attendance on court, and he should also show that he had tendered them their fees and done all else he could to secure their presence.

STAYTON, CHIEF JUSTICE. On January 25, 1886, the Abilene National Bank brought an action against B. M. Daugherty on several promissory notes, and sued out a writ of attachment

that was levied on property belonging to Daugherty. On March 9, 1886, the appellant filed a plea in intervention, in which he alleged that he had also brought an action against Daugherty, and caused a writ of attachment to be levied on the property which the appellee had first caused to be attached. The intervenor set up several grounds on which he claimed that precedence should be given to the lien acquired through the attachment sued out by him. On March 12, 1886, a judgment was rendered in favor of the appellee against Daugherty, whereby the attachment lien was foreclosed and the proceeds of the attached property—the same having been sold and deposited with the clerk—was directed to be paid to the appellee. By that judgment no disposition of the intervention was made.

On April 2, 1886, the appellee announced ready for trial on the matters set up in the intervention, and the intervenor made an application for continuance, which was by the court overruled, and a judgment was then rendered in favor of the appellee against the intervenor, who offered no evidence. The action of the court in refusing a continuance is assigned as error.

The ruling of the court refusing a continuance, was on the ground that the intervenor could not delay the appellee in the assertion and collection of his claim against Daugherty. In view of the grounds on which the continuance was sought, it is unnecessary to inquire whether an intervenor, in any case, is entitled to a continuance whereby a plaintiff will be delayed in the collection of a judgment against a defendant; or, if he be so entitled, to determine on what terms a continuance upon sufficient showing should be granted. The application for a continuance was based on the absence of witnesses, and it showed that subpœnas for them were obtained by the intervenor on the day that he filed his pleadings in intervention, but it did not show when they were placed in the hands of an officer for service. It showed that the witnesses had been served, but did not state when they were summoned.

When a first application for a continuance is sought, by one entitled to ask it, for the want of testimony, the statute requires that such applicant shall state "that he has used due diligence to procure the same, stating such diligence." (Rev. Stats., art. 1277.) No such statements are found in the application, which was verbal, and is contained in a bill of exceptions. On an application for a continuance, a court will not assume a neces-

sary fact to exist when the applicant fails or is unwilling to state its existence. Every fact stated in the application may be true, and still due diligence not have been used.

The time when the subpœnas were served on the witnesses should have been stated, in order that the court might determine whether this was such reasonable time before the trial as would enable the witnesses to be present. (Conner v. Sampson, 22 Texas, 20; Stanley v. Epperson, 45 Texas, 650.) No facts are shown by the application which can take this case out of the general rule.

There is no error in overruling the application for continuance, and the judgment will be affirmed.

*Affirmed.*