No. 2506.

THE MISSOURI PACIFIC RAILWAY COMPANY *v.* D. A. AIKEN.

1. CONTINUANCE—AFFIDAVIT FOR MUST STATE FACTS. — The affidavit for continuance should state the facts constituting the diligence used, to obtain the testimony, and not the mere legal conclusion that diligence had been used.

2. SAME.—See application defective in not disclosing facts upon which the court could act in passing upon the question of due diligence.

3. PASSENGER ON RAILWAY—STOCK CAR.—By contract it was stipulated

Statement of the case.

that the "shipper or his agent or agents in charge of the stock should ride upon the freight train upon which the stock was being shipped." The shipper and one servant were upon the stock car. Objection was made to carrying both free. The shipper replied to the conductor that the employe could be put off. No further objection was made. The shipper was injured, and on trial for damages it was not error to hold that he was a passenger upon the train, and to refuse a charge upon the contract that by its terms he was a trespasser by reason of his having an employe also upon the train.

4. PERSONAL INJURIES—DAMAGES.—See facts in which a verdict for three thousand seven hundred and fifty dollars was not excessive.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

This is an appeal from a judgment for three thousand seven hundred and fifty dollars recovered against appellant for personal injuries caused the appellee through the negligence of its employes. The injury occurred at Little Rock, Arkansas, July 14, 1887, while appellee was on a stock car en route from Columbia, Tennessee, to Palestine, Texas. He had hired the car and paid eighty dollars for its use, and a written agreement contained the terms of the contract. In the agreement was the clause: "And it is further agreed that the owner and shipper, or his agent or agents in charge of said stock, shall ride on the freight train upon which the stock is transported."

The plaintiff pleaded a general denial, contributory negligence, and that plaintiff was wrongfully in a cattle car against the reasonable rule of the railway company known to plaintiff, and thereby he negligently exposed himself to extra hazard and danger and thereby contributed to his injury.

The defendant made an application for a continuance at the first term. Suit was filed September 15, and case tried November 30, 1887. The application was overruled, and is as follows:

"Comes the defendant, by attorney, and moves the court to grant it a continuance of this case, because it can not go safely to trial for want of material testimony, which it has used reasonable diligence to procure, and which it has reason to believe it can procure by next term of this court. The plaintiff sues for damages for injuries which he alleges were inflicted upon him by defendant in Little Rock, Arkansas, by permitting a stock car and another car to collide in the railroad yards in said Little Rock, Arkansas. The testimony of Ed. Farlow is material. He was the brakeman in charge of the car which

caused the collision. He voluntarily left the service of defendant since the time of said injury, and his residence has not been ascertained up to the present time, though affiant and defendant's employes have sought the information. The testimony of W. W. Lafton, who resides in Columbia, Tennessee, is material. It is contended by defendant that D. A. Aiken had the right to have free transportation for one person from Columbia, Tennessee, to Palestine, Texas, on the same train which transported the car containing plaintiff's stock—and this is true—and that the regulations of the railroad company required the person who attended the stock to ride in the caboose car, prepared for passengers, and not in the stock car; and affiant is informed that this is true, and that defendant contends that plaintiff was informed of this regulation, and did not obey it, and that this was the cause of his injury. It also contends that plaintiff was entitled to have but one person ride on the train, and that said plaintiff contracted with said Lafton to come with said stock to Texas, in company with plaintiff, and did not pay his fare, but caused him to ride on said contract for one free passenger—and plaintiff's deposition on file tends to show this to be true, but only circumstantially; and plaintiff is believed not to have been a passenger in a legal sense, but a trespasser, after the time he had refused to pay his passage (which he did refuse to do), and after he had refused to get out of said car and off of said train when requested, or cause his employe to do so (which his depositions show). The defendant can probably procure the testimony of said witness at the next term of the court, but did not ascertain his name and residence and materiality of the facts stated until six or seven days ago and too late to procure his testimony. Affiant has not been able to ascertain the names and residences of the conductor and brakeman in charge of the plaintiff's stock car on the trip from Columbia to Little Rock, which it has reason to believe it can do before next court. It has not propounded interrogatories to them to show that plaintiff was notified that he and his stock keeper could not both ride free, and that plaintiff refused to pay fare for either himself or his keeper or assistant, or to get off of the train or go to the caboose car. Affiant would have done so if he could have ascertained said facts by reasonable diligence and inquiry, which he has made, and he believes he can prove said facts by the conductor."

Defendant also asked a continuance on grounds of surprise;

but this was avoided by plaintiff withdrawing the allegations upon which the surprise was based.

The other matters are sufficiently stated in opinion.

*John Young Gooch,* for appellant: 1. The court erred in overruling the application for continuance. (Rev. Stats., arts. 1277, 1278; Rule 69, for district courts.

2. The court erred in charging the jury that "if plaintiff was riding upon a car controlled by defendant or its servants, and was being transported under a contract read to you, then he was a passenger," and in failing to charge that "if the contract was for the carriage of only one person, and the plaintiff caused and directed his employe to ride in said car to attend to the stock, and refused to pay his own fare or that of his employe, that he, Aiken, was not legally a passenger nor entitled to all the rights of a passenger."

The issue was presented by the pleadings, and the contract showed that only one person had a right to a free passage on the car, and that plaintiff caused an agent to ride therein to care for the stock, and hence he was a trespasser.

The relation of carrier and passenger does not exist between a carrier and one who obtains a free ride wrongfully or fraudulently; and where a passenger has violated the contract of carriage, he can not claim that it shall be performed by the carrier. (Arnold v. Penn. Railway Co., 28 Am. and Eng. R'y Cases, 189; R. R. Co. v. Rosenveig, 26 Am. and Eng. R'y Cases, 489; Thompson on Pas. Car., sec. 3, p. 43, and note 5, sec. 2, p. 43; rule as to care of trespasser, Pierce on Railroads, p. 330.)

*Thomas B. Greenwood,* for appellee: 1. On sufficiency of the affidavit for continuance, cited: Revised Statutes, article 1277; Hunter v. Waite, 11 Texas, 85; Parker v. McKelvain, 17 Texas, 157; Burdett v. Glasscock, 25 Texas Supplement, 45; Stachely v. Pierce, 28 Texas, 328; Stoddart v. Garnhart, 35 Texas, 300; Franks v. Williams, 37 Texas, 24; Kinsley v. Lyttle, 5 Texas, 497; Hipp v. Robb, 7 Texas, 67; Robinson v. Martel, 11 Texas, 149; Williams v. Edwards, 15 Texas, 41; Hall v. York, 16 Texas, 18; Parker v. Campbell, 21 Texas, 763; Pulliam v. Webb, 26 Texas, 95; Stenett v. Rice, 36 Texas, 106; Texas & Pacific Railway Company v. Hoskins, 2 Ap. C. C. S., 66; Texas Express Company v. Scott, 2 Ap. C. C. S., 72; Trammell v. Pil-

grim, 20 Texas, 160; McMahon v. Busby, 29 Texas, 195; Balde-
sore v. Stephanes, 27 Texas, 455; Byne v. Jackson, 25 Texas,
96.

2. If appellee was riding upon a car controlled by appellant
or its agents, and was being transported by appellant under a
contract with appellant, then he was a passenger, and did not
cease to be so from the fact that he gave his consent that another
man might travel in the same car with him from Columbia, Ten-
nessee to Palestine, Texas, and with the understanding that
if appellant or its agents demanded the fare of such other man,
that appellee would pay such fare. (N. Y. Cent. R. R. v. Lock-
wood, 17 Wall., 357, 384; see same case, 3 Am. R. R. Cases,
495; also, G., C. & S. F. R'y Co. v. John McGown, 65 Texas,
640.)

3. The verdict was not excessive. (H. & T. C. R'y Co. v.
Lee, 69 Texas, 556; P., C. & St. L. R. R. Co. v. Thompson, 3
Am. R. R. Cases, 454; same case, 56 Ill., 138; Jones v. Wil-
liams, 41 Texas, 391; H. & G. N. R. R. Co. v. Randall, 50 Texas,
255; N. O. J. & G. N. R. R. v. Hurst, 36 Miss., 661.)

GAINES, ASSOCIATE JUSTICE. This suit was brought by ap-
pellee against appellant to recover damages for a personal in-
jury.

The petition was filed on the fifteenth day of September,
1887, and the case was called for trial on the thirtieth day of
the next November, when an application for a continuance for
the want of testimony was made on behalf of the appellant,
and was overruled by the court. It is assigned that the action
of the court was error. But we think not. Upon the first ap-
plication for a continuance it must not only be stated that due
diligence has been used to procure the attendance or deposition
of the witness, but the diligence used must be set forth. (Rev.
Stats., art. 1277.) As to one Farlow, who is alleged to be a
material witness, it is stated that he was a brakeman in charge
of the car which collided with that upon which plaintiff was
traveling at the time he was injured, and that "he voluntarily
left the service of the defendant since the time of said injury,
and his residence has not been ascertained up to the present
time, though affiant and defendant's employes have sought the
information." The court is not told at what particular time
the witness left the defendant's employment, nor what steps
had been taken to ascertain his residence. Without a knowl-

edge of these facts, it could not say that due diligence had been used.

Another witness for whom the continuance was sought was one Lafton, who resided in Columbia, Tennessee. The application alleges that his residence and the materiality of his testimony was not ascertained until six or seven days before the trial. This witness was in the employment of the plaintiff at the time of the injury, and was on the train with him, and continued on the train in charge of the live stock belonging to plaintiff, which was being transported by it. What steps were taken to ascertain what he knew about the case, or where he lived, are not stated. Besides this, what was expected to be proven by this witness is set out, and it does not seem to us to be material testimony in the case. The contract adduced in evidence upon the trial shows that the plaintiff had the right of passage on the train upon which his stock was being conveyed, and we are of opinion that if he did insist upon a right of free transportation for his own employe, and refused to pay his fare, this did not deprive him of his privilege under the contract and make him a trespasser upon the cars. The application also states that defendant could not obtain the names of the conductor and brakeman of the train upon which the accident occurred, but again fails to state what steps had been taken to ascertain them.

These persons being employes of the defendant it seems to us that by ordinary diligence their names and residences could have been ascertained, and in the absence of a statement showing what diligence was used to procure their testimony, the application is insufficient. The defendant also claimed surprise and asked for the continuance partly for an opportunity to obtain testimony to meet new allegations set up in an amended petition filed but a short time before the trial. But in order to avoid a continuance upon this ground, plaintiff formally abandoned the new matter alleged in his petition. The application for the continuance, though a first one, should have stated the facts constituting the diligence, and not the mere legal conclusion that diligence had been used, and on account of the defect in this particular it was properly overruled.

It is also complained that "the court erred in charging the jury as follows: 'If plaintiff was riding upon a car controlled by defendant or its servants, and was being transported by

defendant, under a contract which has been read to you, then he was a passenger;' and in failing to charge that if the contract was for the carriage of only one person, and plaintiff caused and directed his employe to ride in said car to attend to the stock, and refused to pay his own fare or that of his employe, that he, Aiken, was not legally a passenger, nor entitled to all the rights of a passenger, but to the rights of a trespasser only."

The plaintiff, when he received the injury, was accompanying as owner a car load of live stock, which was being carried under a contract which stipulated "that the owner and shipper, or his agent or agents in charge of said stock, shall ride upon the freight train upon which the stock is being transported." The plaintiff had with him an employe to assist in taking care of the animals. He testified that between Columbia, Tennessee, and Little Rock, Arkansas, where he was injured, a conductor came into the stock car where he and his employe were riding, and asked what they were riding in that car for—that the contract only allowed one free passage; that he told the conductor that he was the person who hired the car, and that he could put off the employe if he had no right there; but that the conductor left without taking any further action in the matter. And this was all the testimony upon this point.

It is now contended that, because the plaintiff had a right of free passage for one only, and two were riding on the car without the payment of fare, he lost his rights as a passenger and was to be deemed a trespasser on the train. But such is not our opinion. According to the terms of the contract the plaintiff, as owner and shipper, had the right of passage on the car; and even if his employe should be deemed a trespasser, we do not see that this would deprive him of his own privilege of free transportation. But after the conductor ascertained that two persons were riding on the car and was told to put off the employe if he had no right there, and failed to do so, we do not think either could be considered as a trespasser. We conclude that the court did not err in its construction of the contract, and in instructing the jury that, if the plaintiff was traveling on the car in pursuance of its terms, he was a passenger.

It is claimed that the damages awarded by the jury are excessive. The plaintiff was sixty-two years old. He had three of his ribs broken, his side bruised. and was rendered insensible for a time by the concussion. At the time of the trial he

had partially recovered, and did not suffer great pain, although, as he testified, his appetite and general health were to some extent impaired. For a considerable length of time after the injury, as he stated in his testimony, his physical and mental sufferings were great. One physician was examined at the trial who thought he was nearly well, and that his recovery would be complete. Another testified by deposition and said he had examined the plaintiff and doubted if he would ever recover. He thought it likely that his favorable symptoms were delusive, and that it was not improbable that paralysis would ensue. Under these circumstances we can not say that the verdict of the jury was so clearly excessive as to require a reversal of the judgment.

The fifth assignment, that "the court erred in overruling defendant's motion for a new trial," is too general to admit of consideration.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered October 12, 1888.