WESTERN UNION TELEGRAPH COMPANY v. V. E. BERDINE.

No. 104.

1. **Continuance—Insufficient Application.**—An application based upon the want of the evidence of a former employe who had left the company's service, and whose whereabouts is unknown, which does not inform the court when the witness left the employment of defendant, when the inquiries as to his evidence were made, nor to whom nor to what place or places letters and telegrams were directed, and which does not aver a probability that the testimony can be had at some future time, and which is made nearly six months after the suit was filed, is insufficient.

2. **Contributory Negligence in Suit for Damages for Mental Anguish.**—Suit being for damages for mental anguish, caused by failure to deliver a message calling a physician to the bedside of a sick child, who afterward died; a charge directing the jury not to find any damages for mental anguish suffered by plaintiff after the time when he could have obtained another doctor, as his omission to obtain such doctor would have been contributory negligence, was properly refused. It would have been a charge on the weight of evidence.

3. **Mental Anguish as a Basis for Damages.**—That mental suffering which is the proximate result of a breach of contract, may form the basis for compensatory damages, is not now a debatable question in this State.

4. **Excessive Damages.** — Suit was by a parent for damages for mental anguish, and the exact sum claimed in the petition and found by the jury was $1999.99; the services of another physician eight miles distant might have been secured; the child had been sick four days before the physicion was telegraphed for. It is probable that sympathy for the parent influenced the jury, and the verdict is set aside as excessive.

APPEAL from Fort Bend.   Tried below before Hon. WM. H. BURKHART.

*Stewart & Stewart*, for appellant.—1.   When one is unable to issue legal process, and states his inability so to do, and that he has used due effort to ascertain the whereabouts of the absent witness, no lack of diligence can be attached to the fact that no legal process was issued, and the diligence exercised is such as will warrant the granting of a first application

for continuance. Hensley v. Lytle, 5 Texas, 499; Am. and Eng. Encycl. of Law, 814.

2. The third special charge asked by defendant should have been given. [The charge is found in the opinion.]   Railway v. Cole, 66 Texas, 562; Railway v. Best, 66 Texas, 116; Brandon v. Mfg. Co., 51 Texas, 121; Tel. Co. v. Neill, 57 Texas, 292; Womack v. Tel. Co., 58 Texas, 182; Champion v. Vincent, 20 Texas, 816; Taul v. Shanklin, 1 W. & W. C. C., sec. 1137; Railway v. Smith, 59 Texas, 406; Railway v. Wallen, 65 Texas, 568; Railway v. Clemmons, 55 Texas, 88; Railway v. Richards, 59 Texas, 373; Railway v. Murphy, 46 Texas, 365; 6 Wait's Act. and Def., 583; Beach on Con. Neg., secs. 7, 19, 36; Whart. on Neg., ch. 9; Shearm. & Redf. on Neg., secs. 25, 37, ch. 3; 1 Sedg. on Dam., 164, 165; Given v. Tel. Co., 24 Fed. Rep., 119; Passmore v. Tel. Co., 78 Pa. St., 238; Dix v. Brown, 41 Miss., 131; Railway v. Cadow, 120 Pa. St., 559; Rice v. Powell, 44 Mo., 436; Railway v. McLelland, 42 Ill., 355; Heavilen v. Kramer, 31 Ind., 241; Mathews v. Butler County, 28 Iowa, 253; Coombs v. Purrington, 42 Me., 332; Murphy v. Dean, 101 Mass., 455; Willard v. Pinard, 44 Vt., 34.

3. The verdict of the jury is excessive, in that it gave appellee the full amount he sued for, or $1999.99, as pain and anguish suffered on account of the fact that no doctor was present with his sick child.   Where the facts of the case are such as to indicate that the jury acted from passion and prejudice against the appellant and friendship for the appellee, rather than an honest desire to award adequate compensation for the injury done, the verdict should be vacated.   Tel. Co. v. Houghton, 82 Texas, 562; Tel. Co. v. Simpson, 73 Texas, 430; Tel. Co. v. Broesche, 72 Texas, 654.

4. Exemplary damages can not be recovered for mental suffering caused by negligence in the breach of the contract, except when the default of the agent is ratified and adopted.   Damages for injury to feelings, disconnected from a personal injury, can not be recovered in an action for actual damages.   Railway v. Levy, 59 Texas, 542; Railway v. Levy, 59 Texas, 563; Hays v. Railway, 46 Texas, 272; Daniel v. Tel. Co., 61 Texas, 452.

*Lovejoy & Sampson*, also for appellant.

*Oscar D. Kirkland*, for appellee.—1. The application for continuance was insufficient.   Hensley v. Lytle, 5 Texas, 499; Hipp v. Robb, 7 Texas, 67; Hunter v. Waite, 11 Texas, 86; Byne v. Jackson, 25 Texas, 97; McMahan v. Busby, 29 Texas, 193; Franks v. Williams, 37 Texas, 25; Poole v. Jackson, 66 Texas, 380; Tel. Co. v. Rosentreter, 80 Texas, 406; Barberry v. Worrell, 9 So. Rep., 290.

2. What constitutes contributory negligence is a question of fact for

the jury to decide, taking into consideration all the circumstances of the case, under proper instructions from the court; and a charge which sums up certain facts connected with the case, and instructs the jury that those facts constitute contributory negligence, is properly refused as being on the weight of the evidence and invading the province of the jury. Campbell v. Trimble, 75 Texas, 271; Railway v. Hill, 71 Texas, 457; Railway v. Murphy, 46 Texas, 357.

3. Where a father sends a telegram to a physician to come on the next train to see his sick child, and said train arrives without the physician, it is not contributory negligence in the father to wait a reasonable time for the physician to come by some other conveyance before he resorts to other means to procure his attendance, or the assistance of another physician; and what is a reasonable time is a question for the jury to decide, under all the circumstances of the case. Tel. Co. v. Hofman, 15 S. W. Rep., 1048; Cotton Press Co. v. Bradley, 52 Texas, 599; Railway v. Oram, 49 Texas, 346; Railway v. Parker, 50 Texas, 344; Railway v. Miller, 51 Texas, 275.

4. There is no rule of law for estimating damages for mental anguish. The amount of the damages is left to the discretion of the jury, and that discretion will not be controlled, or the verdict vacated, unless it appears from the amount awarded, together with other matters disclosed by the record, that the jury acted from prejudice or other improper influence, rather than an honest desire to award adequate compensation for the injury. Tel. Co. v. Simpson, 11 S. W. Rep., 388; Tel. Co. v. Broesche, 72 Texas, 657; Tel. Co. v. Cooper, 9 S.W. Rep., 599; Stuart v. Tel. Co., 66 Texas, 585.

5. Mental anguish may constitute an element of actual damage for which compensation may be recovered upon the breach of a contract, where such anguish is the direct and natural result of such breach. Tel. Co. v. Simpson, 11 S.W. Rep., 386; Tel. Co. v. Broesche, 72 Texas, 657; Tel. Co. v. Cooper, 9 S.W. Rep., 599; Stuart v. Tel. Co., 66 Texas, 585; So Relle case, 55 Texas, 310; two Levy cases, 59 Texas, 543, 563.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee instituted this suit in April, 1891, against appellant, for the recovery of compensation for alleged mental suffering inflicted, as averred by appellee, upon him by the appellant, through the failure of its servants to deliver promptly a message sent over appellant's line of telegraph, on the night of the 11th of July, 1890, by appellee, from Thompson, in Fort Bend County, addressed to Dr. Fields, at Alvin, in Galveston County, requesting him to come by next train to appellee's house at Thompson, to see a child of appellee's, who was very sick.

The petition averred, that for four days previous to the 11th of July, 1890, the plaintiff's child was sick, and on that day it grew worse, and

plaintiff became anxious, and about 10 o'clock p. m. of that day he de-
livered to the operator at Thompson, the servant of defendant who was
engaged in transmitting messages over defendant's telegraphic lines be-
tween Thompson and Alvin, the following message:

"THOMPSON, TEXAS, July 11, 1890.

"*Dr. Fields, Alvin, Texas:*

" Come up next train; child very sick.

"V. E. BERDINE."

That said message was delivered to said operator, to be by him trans-
mitted over defendant's line of telegraph to Alvin, and there delivered
by defendant's servants at Alvin to Dr. Fields. That plaintiff informed
the operator at Thompson, to whom he delivered said message, of the ill-
ness of his child, and the purport of the message, and paid the operator
his charge for transmitting same, to-wit, 25 cents. That Dr. Fields was
a resident of Alvin; had resided there for a long time; that his residence
was within 300 yards of defendant's office in said town. That a daily train
arrived at Thompson from Alvin, reaching Thompson about 8 o'clock
a. m., the two towns being about twenty miles distant from each other.
That defendant's servants failed to transmit and deliver said message to
Dr. Fields promptly, and willfully neglected to deliver the same until 12
o'clock m. of the 12th of July, 1890; that the doctor was at home in
Alvin, and if the message had been promptly delivered to him by defend-
ant's servants, he might and would have come from Alvin to plaintiff's
residence, if not by an earlier train, by the morning train of the 12th of
July, and would have reached plaintiff's residence about 8 o'clock a. m.
of that day; but that by the neglect of defendant's servants to deliver
said message promptly, the physician was unable to see plaintiff's child
until about 8 o'clock p. m. of the 12th of July. That the child had con-
tinued to grow worse, and was suffering from congestion when the physi-
cian arrived, and died on the following day about 3 p. m.; and that pe-
titioner suffered great anguish of mind because of his inability to procure
the attendance of a physician upon his dying child; and it prayed dam-
ages in the sum of $1999.99.

To this petition defendant filed general demurrer and general denial,
and specially pleaded, that when plaintiff delivered the message to de-
fendant's servant at Thompson, said servant then informed plaintiff that
the office at Alvin did not deliver messages at night, and that the message
would not be delivered on the morning of the 12th in time for Doctor
Fields to come to Thompson on the train arriving at that place from Alvin
at 8 o'clock a. m., and that the doctor could not reach plaintiff's house,
if he came by rail, before the night of the 12th of July.

The case was called for trial on the 19th of October, 1891, and defend-

ant moved the court to grant it a contiunance. The application for continuance was in substance as follows: "Now comes the defendant in the above numbered and entitled cause, and moves the court to grant a continuance of this cause to the next term of this court for the want of the testimony of W. A. Cole, defendant's agent at Thompson's Switch at the time plaintiff filed the message about the delay in the delivery of which he brings this suit, and represents, that such testimony is material for the defense of defendant, and that said W. A. Cole is no longer in the employ of defendant, and that defendant has used every means, by telegraphing, writing, and otherwise, through and by its several agents, to ascertain the whereabouts of the said W. A. Cole, but has been unable, though it has used all diligence to ascertain the residence of the said W. A. Cole, to do so, and in consequence has been unable to issue due process to obtain the testimony of the said witness; and that the testimony of the said W. A. Cole can not be obtained from any other source; wherefore defendant prays, that justice may be done, that this cause be continued to the next term of this court."

This application was refused, and defendant excepted. Trial was had, and a verdict and judgment were rendered for the plaintiff in the precise sum prayed for in the petition. Motion for new trial overruled, and defant excepted and gave notice of appeal.

Four errors are assigned. The first is that of the refusal of the court to grant a continuance of the cause. The application shows that the defendant had not attempted to obtain the testimony through legal process, and it avers, as the reason for not having used the statutory means for obtaining the desired testimony, that the witness was not then in the employment of defendant, and that his residence was unknown to defendant, although defendant had used every means by telegraphing and writing to ascertain the whereabouts of the witness. It needs neither citation of authorities nor argument to show that such an application is insufficient for the purpose of showing proper diligence by defendant to find the witness. The defendant was cited to answer plaintiff's suit on the 23d of April, 1891, and its motion for a continuance was made on the 19th of October of the same year. But the application does not inform the court when the witness left the employment of defendant; when the inquiries as to his residence were made by defendant; nor to whom, nor to what place or places, its letters or telegrams were directed. Nor does the application aver even a probability that the testimony can be had at some time in the future, not unreasonably distant. The motion was properly overruled.

Another error assigned is the refusal of the following charge requested by the defendant: "You are charged, that though the defendant may be guilty of negligence in failing promptly to deliver the message to Dr. Fields, yet if the plaintiff could have obtained medical attention—if he could have gotten another doctor—and by his negligence failed to do so,

then you will not find any damages for the plaintiff for the mental anguish suffered by him after the time he could have obtained such a doctor, as his omission to obtain such a doctor would have been contributory negligence on his part." This charge is plainly upon the weight of the evidence, inasmuch as it assumes that the omission of the plaintiff to obtain another doctor, after the nonarrival of Dr. Fields on the morning train of the 12th of July, was per se contributory negligence. Whether any act or omission be negligence or not, unless it be so declared by law, is a question for the jury, which they must determine from the definition of negligence given them by the court, and the evidence before them.

The fourth assignment of error is: " The judgment is contrary to the law and the evidence, because the damage sued for by the plaintiff was such as is known to the law as exemplary damages, and the plaintiff failed to allege and prove such facts as would enable him to recover exemplary damages against a corporation."

The plaintiff does not sue for exemplary damages. His suit is for the recovery of compensatory damages for mental suffering, which he avers was the proximate result of defendant's breach of its contract with plaintiff to deliver within a reasonable time his message to Dr. Fields. That mental suffering which is the proximate result of a breach of contract may form the basis for compensatory damages, is not now a debatable question in this State. Stuart v. Tel. Co., 66 Texas, 585, and cases there referred to.

The third assignment of error is, that the damages are excessive. The evidence shows that the telegram was received by the operator at Alvin sometime between 10 and 11 o'clock of the night of the 11th of July; that it was not delivered to Dr. Fields until 11 o'clock a. m. on the 12th; and that had it been delivered promptly the doctor would have reached the residence of plaintiff about 8 o'clock a. m. of the 12th, if not at an earlier hour of that day; that by his failure to receive the message he did not see plaintiff's child until 8 o'clock p. m. of the same day; that the child was a sufferer all during that day, with no physician upon attendance to alleviate its pain; and it shows also that the father suffered much distress on account of the child and his failure to procure the services of a doctor for it, and that the child died some twenty hours after the arrival of the physician.

On the other hand, the evidence shows that the child had been sick with fever for four days before the telegram was sent to Dr. Fields, and that on the morning of the 12th, after the train from Alvin had arrived, without bringing Dr. Fields, the plaintiff was advised by a neighbor and visitor to send for Dr. Cochrane, who resided at Stafford, which place was about eight miles distant, and on the opposite side of the Brazos River from Thompson; that there was a skiff upon which passengers were carried over the river between these two points; but this advice was rejected by the plaintiff, who believed, as he declared, that Dr. Fields would

come to the child. The evidence also shows, that the plaintiff could have had but little reason to expect Dr. Fields to reach his house earlier than the hour for the arrival of the train from Alvin, which hour was 8 o'clock a. m., so that the time between the expected and the actual arrival of the doctor was 12 hours.

The plaintiff, it must be borne in mind, is not suing for the recovery of damages for the death of his child, but for damages founded upon the alleged mental anguish suffered by him between the time when the doctor should have arrived and the time when he did arrive. The question is, therefore, Are the damages under the evidence excessive? The law, it is true, has not fixed any rule for measuring damages in such cases, and the measure of the damages rests in the discretion of the jury. But this is a judicial discretion, to be exercised by the jury without bias or prejudice to either party; and if there be evidence in the case which makes it probable that the minds of the jury were warped by passion in reaching their conclusion, the verdict should be set aside.

If the plaintiff might have procured the services of another physician at an earlier hour than that at which the child was first seen by Dr. Fields, as is insisted by appellant plaintiff could have done, the failure of plaintiff to do this would not bar his claim for damages. Such failure or neglect of the parent would not be contributory negligence, in the sense at least to relieve the appellant of negligence in failing to deliver the message within a reasonable time after it was received at Alvin. But if it be a fact that the parent might have procured another physician to minister to his child between the hours of the arrival of the morning train from Alvin and the hour of Dr. Fields' arrival, such fact should be considered by the jury in fixing the measure of damages. If another physician could have and had been obtained, the duration of plaintiff's anguish would have been necessarily shortened; and if he would have been subjected to mental suffering for want of a physician only between the arrival of the morning train from Alvin and the hour when the physician from Stafford would have arrived, then surely plaintiff should not recover damages for the whole time between the expected and the actual arrival of Dr. Fields; for it is not alleged, nor can we presume such to be the fact, that the plaintiff reposed special confidence in the skill of Dr. Fields, and that his grief was that the service of this particular physician could not be had for the suffering child.

In view of the whole evidence, we are of the opinion that it is probable that sympathy for the parent influenced the jury in fixing the damages, and that the damages are excessive.

The judgment of the lower court is reversed and the cause is remanded for another trial.

*Reversed and remanded.*

Delivered March 9, 1893.