## PACIFIC EXPRESS COMPANY v. M. W. NEEDHAM.

### Decided November 9, 1904.

#### 1.—Removal of Causes—Dismissal—New Suit.

A plaintiff whose cause has been removed by defendant into the Federal Court has a right to dismiss it there and bring suit again in the state court for less than $2,000.

#### 2.—Continuance—Diligence.

An application for first continuance must state that the plaintiff used due diligence to procure the testimony of the absent witnesses.

#### 3.—Pleadings—Damages—Bill of Particulars.

In an action for damages by delay in transportation of fruit trees, it was unnecessary, as against special exception, to give the particulars of the contents of such shipment, where the damages sought were claimed by plaintiff not by reason of depreciation in the market value of the stock, but by reason of loss of a sale at agreed price. Key, J., dissenting.

#### 4.—Carrier—Damages not Remote.

The expense of renotifying and making delivery to purchasers of property shipped for delivery on a certain day in accordance with previous arrangement of which the carrier had notice, may be recovered as an element of the shipper's damages.

#### 5.—Express Company—Agent—Authorizing to Contract.

A contract by an express company's agent for transportation of goods on a certain day and train is within the scope of his agency and affirmative authority so to contract need not be proved.

#### 6.—Same—Driver of Delivery Wagon.

It was error to charge that an express company was bound by a contract for transportation of property for a shipper on a given day and train made by the driver of its delivery wagon, in the absence of evidence of his authority so to contract.

Appeal from the District Court of Robertson. Tried below before Hon. J. C. Scott.

*McCormick & Spence*, for appellant.—When a cause of action is instituted in a state court and is removed by defendant into one of the circuit courts of the United States that court acquires jurisdiction not only of the removed cause, but of the cause of action involved in the suit. Therefore, when the petition for removal alleged the removal of the former suit on the cause of action, and the dismissal thereof in the United States Circuit Court for the purpose of defeating the jurisdiction thereof by reinstating the suit in the state court for an amount less than the minimum jurisdictional amount of the United States Circuit Court, to prevent a removal, the court should have removed the case to the United States Court for the determination there of the question of fact raised, to wit, the fraud on its jurisdiction. Kern v. Huidekoper, 103 U. S., 485; Cox v. Railroad Co., 68 Ga., 446; Baltimore & O. Ry. Co. v. Fulton, 59 Ohio St., 575; Chesapeake & O. Ry.

Co. v. Riddle, 72 S. W. Rep., 22; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S., 131; Swann v. M. R. F. Life Assn., 116 Fed. Rep., 232.

The court should have granted the appellant's first application for a continuance because the testimony of the witness, Driver, was evidently material for the defendant in its defense, and the diligence shown to procure this testimony met the requirement of due diligence under the circumstances.

The defendant was entitled to know by allegation in plaintiff's petition the kind of nursery stock plaintiff claimed the right to recover from it the market value of, and the first special exception pointed out the defect in plaintiff's petition in this respect and should have been sustained. Houston, E. & W. Ry. Co. v. Seale, 67 S. W. Rep., 437; Schneider v. Ferguson, 77 Texas, 574; Beck v. Avondino, 82 Texas, 314; Townes Pleading, pp. 278-279, 283.

The court should have excluded evidence of the expenses incurred by plaintiff in the delivery of fruit trees - when objection was made thereto by the defendant on the ground that the pleadings were not such as to authorize the admission of testimony on this issue.

It is not within the apparent scope of the authority of an express agent to make a contract for the shipment of express matter to arrive at destination at a certain date, at a certain hour, and on a certain train. And in this case the power of the agent to make such contract having been denied under oath by the defendant, and the defendant having offered testimony showing that no such power existed, and that agents were forbidden to make such contracts, the court should at least have submitted the question of authority to the jury as a question of fact.

If it be a rule of law applicable to the local agent of an express company that he has apparent authority to make for his principal any kind of contract for shipment of express matter and can bind his company to such contracts, though in fact he have no authority, unless the person with whom he is dealing has notice of the want of such authority, this rule certainly is not applicable to the drivers of express wagons sent out to pick up freight and bring it to the office of the defendant for shipment. Lyons v. Texas & P. Ry. Co., 36 S. W. Rep., 1007.

*J. Felton Lane* and *John E. Bishop,* for appellee.—The case was not removable, on account of the amount in controversy, it being less than two thousand dollars. 25 United States Statutes at large, 443; Texas & P. Ry. Co. v. McAllister, 59 Texas, 349; New York & T. Ld. Co. v. Martin, 25 S. W. Rep., 475; Southern P. Ry. Co. v. Harrison, 73 Texas, 103; Wolff v. Archibald (C. C.), 14 Fed. Rep., 369; Rev. Stat., art. 1301; Hoodless v. Winter, 80 Texas, 638; Foster v. Wells, 4 Texas, 101.

The court did not err in overruling the motion for continuance because the application did not state that appellant had used due diligence to procure the testimony. Rev. Stat., art. 1278; Crawford v. Saunders, 29 S. W. Rep., 102; Missouri P. Ry. Co. v. Aiken, 71 Texas, 377; St. Louis & S. F. Ry. Co. v. Woollum, 84 Texas, 570; Brown v. Abilene Nat'l Bank, 70 Texas, 750.

The court did not err in overruling the application for continuance ·

because same did not allege that appellant ever tendered to said witnesses their witness' fees or mileage, and therefore does not show sufficient diligence. Texas & P. Ry. Co. v. Hall, 83 Texas, 679.

The court did not err in overruling special exceptions to plaintiff's petition. Said petition contained a sufficient statement of the kind of property which he claimed was damaged while in defendant's custody, and a sufficient statement of the character of trees injured and their value. Michigan Stove Co. v. Waco Hardware Co., 24 Texas Civ. App., 303; St. Louis S. W. Ry. Co. v. Stonecypher, 2 Texas Ct. Rep., 1052; Missouri P. Ry. Co. v. Edwards, 78 Texas, 307; Williams v. H. Perry, 3 App. C. C., sec. 209; Galveston, H. & S. A. Ry. Co. v. Hitzfelder, 24 Texas Civ. App., 319; Ellis v. Howard-Smith Co., 35 Texas Civ. App., 566; also see form, section 132, page 147, of "Sayles Pleading with Forms," last edition.

The court properly admitted evidence of the expenses incurred by plaintiff for delivery of fruit trees. This was sufficiently alleged and was a direct and proximate result of defendant's breach of contract of carriage. Stiles v. Giddens, 21 Texas, 784.

The court did not err in refusing to give the defendant's requested instruction number 2 in charge to the jury, nor in failing to give its equivalent in his general charge, because same was not the law applicable to the facts of this case. Conn v. Hagan, 93 Texas, 338; Strozier v. Lewey & Co., 3 App., C. C., sec. 131; Merriman v. Fulton, 29 Texas, 98; Stiff v. Fisher, 2 Texas Civ. App., 349; Pacific Express Co. v. Black, 8 Texas Civ. App., 366; St. Louis S. W. Ry. Co. v. Cates, 15 Texas Civ. App., 135.

The appellee made the main contract with Gibson and the other agents in the office and the drivers who were working for and with Gibson, in carrying out his contract; in other words, they were all acting together as agents for the appellant to make and carry out the contract made under Gibson's directions and authority, and all seemed to be of one mind, and they, with the agents in the office of appellant at Waco, made the contract with appellee. So the court properly treated the same as one contract made by the agents of the defendant at Waco. He said the word agents, as he could not have properly restricted said contract to any one agent. Pacific Express Co. v. Black, 8 Texas Civ. App., 366; Eastern Mfg. Co. v. Brenk, 32 Texas Civ. App., 97.

EIDSON, ASSOCIATE JUSTICE.—The statement of the nature and result of the suit given by appellant in its brief is concurred in by appellee and is adopted by this court, and is as follows:

"The appellees instituted this suit in the District Court of Robertson County, Texas, on the 13th day of November, 1903, against the appellant to recover damages laid in the ad damnum clause at $1,935, for breach of a special contract for the shipment of fruit trees from Waco, Texas, by the terms of which the appellant was alleged to have bound itself to forward the trees by a certain train, and deliver them on the arrival of a certain train at Hearne, which it failed to do, but wrongfully delayed the shipment between Waco and Hearne; in consequence of which the fruit trees were frozen, and appellee was not able to make

the deliveries to purchasers whom he had notified to meet him at Hearne on December 20, 1901, to receive the nursery stock purchased.

"On January 4, 1904, the appellant filed its plea in abatement, challenging the jurisdiction of the District Court to try the case on account of the cause of action having been formerly-removed into the Federal Court. To which plea the appellee demurred. Proof was heard on the plea and the court overruled it. To this action of the court appellant excepted.

"On January 4, 1904, the appellant filed a petition and bond for removal of the cause. The petition was refused by the court. To the action of the court in refusing the application for removal the appellant also excepted.

"On February 4, 1904, the appellant filed its first amended original answer to the merits and interposed a general demurrer and several special exceptions to the appellee's petition. Also a general denial, a plea of want of authority in the agent at Waco to make the contract alleged, and a plea of contributory negligence on the part of the appellee in delivering the stock, if the same was damaged. On February 4, 1904, the case was called for trial, and the appellant announced not ready for trial, and made its first application for a continuance, which was by the court overruled, to the overruling of which the appellant excepted. The trial resulted in a verdict in favor of the appellee in the sum of $950, on which judgment was rendered."

Appellant's first assignment of error is as follows: "The court erred in overruling defendant's application for removal of said cause to the Circuit Court of the United States for the Western District of Texas."

Its second assignment of error is as follows: "The court erred in overruling and failing to sustain the defendant's plea in abatement to the jurisdiction of the court over the subject matter of this suit."

Both of these assignments of error relate to the same question, which is, whether the cause should have been removed to the Federal Court. The appellee first brought suit in the District Court of Robertson County against the International & Great Northern Railroad Company and appellant for damages for failure to safely transport and deliver the nursery stock involved in this suit, and alleged the damages sustained at the sum of $12,550. That cause was removed from said District Court to the United States Circuit Court at Waco, on the ground of the amount in controversy, and also because the International & Great Northern Railroad Company had been made a party to the suit fraudulently. Before that cause came on for trial in the United States Court, the plaintiff, appellee, in this case, made a motion to have the cause dismissed at his costs, which was granted and judgment of dismissal entered. This case was afterwards instituted against the Pacific Express Company, appellant herein, alone, and the amount of damages laid at the sum of $1,930.

We are of opinion that appellee had the legal right to dismiss the case in the Federal Court, as was done, and thereafter to institute this suit, as shown by the record; and we therefore overrule appellant's first and second assignments of error.

Appellant's third assignment of error complains of the action of the

court below in overruling its first application for a continuance. In this there was no error, because the application did not comply with the statutory requirements, in that it failed to state that appellant had used due diligence to procure the testimony of the absent witnesses. Revised Statutes, article 1278; Crawford v. Saunders, 29 S. W. Rep., 102; Missouri P. Ry. Co. v. Aiken, 71 Texas, 373; St. Louis & S. F. Ry. Co. v. Woolum, 84 Texas, 570; Brown v. Abilene Nat. Bank, 70 Texas, 750.

Appellant's fourth assignment of error complains of the action of the court below in overruling defendant's special exception number 1 to the plaintiff's petition, and submits thereunder the proposition that the defendant was entitled to know, by allegation in plaintiff's petition, the kind of nursery stock plaintiff claimed the right to recover from it the market value of; the ground of said special exception being that plaintiff's petition contained no description or bill of particulars of the contents of the shipment of fruit trees, and that the allegations in respect thereto were insufficient to inform defendant as to the kind or character of trees plaintiff shipped. It does not appear from plaintiff's petition that he sued for the market value of the nusery stock, but that he sued for the amount at which he had sold such stock to his customers at Hearne, and which he alleged defendant was fully apprised of when the stock was received and it agreed to deliver same. Hence it was unnecessary to give any description or bill of particulars of the contents of such shipment, plaintiff's measure of damages being the amount for which said nursery stock had been sold to his said customers. Moreover, it appears from the proceedings had upon the trial, the course, extent, character and nature of the defense interposed by defendant, that it was fully apprised of the matters it was called upon to meet and defend against. Hence we hold there was no error in overruling said special exception.

Appellant in its fifth assignment of error complains of the action of the court below in overruling its special exception number 3 to plaintiff's petition, said exception being based upon the ground that the item of expense for renotifying and delivering to purchasers the nursery stock, as pleaded by plaintiff, is too remote and is not itemized. Defendant was fully informed as to the accrual of this element of damage, in the event it failed to deliver the stock safely and in the time agreed upon, and there was no necessity of itemizing the different matters constituting the amount. St. Louis S. W. Ry. Co. v. Stonecypher, 25 Texas Civ. App., 569, 2 Texas Ct. Rep., 1052; Missouri P. Ry. Co. v. Edwards, 78 Texas, 307; Williams v. Perry, 3 Willson, Civ. Cas., sec. 209. And what is said in the disposition of this assignment disposes of appellant's sixth assignment of error.

Appellant's seventh and eighth assignments of error complain of the action of the court below in admitting, over its objections, the testimony of plaintiff's witnesses as to what was contained in the orders for the fruit trees described in plaintiff's petition, and as to the expense plaintiff was put to in delivering fruit trees, upon the alleged grounds that the pleadings were insufficient to authorize the admission of such testimony. We overrule these assignments of error because, as

heretofore stated, the pleadings were sufficient to authorize the admission of the testimony.

There was no error in the refusal of the court below to give to the jury defendant's special instructions numbers 2 and 4, as it was not necessary for the plaintiff to prove affirmative authority to defendant's agent to make the contract alleged in his petition, as he could rely upon the station agent at Waco having such authority, the same being within the scope of his agency.

By its eleventh assignment of error appellant contends that the court below erred in his general charge in assuming that the drivers of defendant's express wagons at Waco had authority to bind the defendant to a contract for the delivery of freight at a particular time at its destination, and to make the special contract sued on by the plaintiff in this case. This assignment of error is directed to the following paragraph of the general charge of the court:

"If you believe from the evidence that plaintiff, on or about the 19th day of December, A. D. 1901, contracted with defendant's agent or agents at Waco, Texas, for the safe and speedy carriage and delivery of nursery stock described in plaintiff's petition, from Waco to Hearne, Texas, and that plaintiff then and there explained to defendant's agents and employes the importance of having said stock transported safely and without same being damaged by weather or otherwise, and the importance of said stock reaching Hearne on the morning of December 20, 1901, in time for delivery to his customers, and plaintiff fully explained to said agents the damages that would ensue if said stock was damaged en route, and of the damages that would ensue to him if the same was delayed en route; and you further believe that said defendant's agents, understanding the importance of the safe and punctual delivery, and understanding from said plaintiff's explanations the damages that would ensue to plaintiff by failing to promptly and safely carry and deliver said stock, agreed with the plaintiff for the price of carriage, that it would carry said stock on the same train that plaintiff would take from Waco and which would connect with the train at Lewis Switch, and that said stock would then be placed on a train of the International & Great Northern Railroad Company, and would carry and deliver said stock at Hearne, Texas, on the morning of December 20, 1901; and you further believe that defendant's agent or agents at Lewis Switch carelessly failed to transfer said stock to the International & Great Northern train on the main line which went to Hearne, if it did go to Hearne, and that said stock could have been transferred to said train, and allowed said stock to remain at Lewis Switch, or to be forwarded to some station other than Hearne, so that said stock did not reach Hearne on the morning of December 20, 1901, and that the failure of defendant's agent or agents to place said stock on the train going to Hearne, if it did fail to do so, caused said stock to be destroyed, or partially destroyed and injured, you will, if you so believe, find your verdict for the plaintiff."

We are of opinion that the giving of this instruction was error. The evidence shows that Gibson was the local station agent of appellant at Waco, and that the other employes with whom plaintiff claimed to have

made the contract alleged in his petition were drivers of delivery wagons for it, appellant; and there is no evidence in the record tending to show that they (the drivers) were authorized by appellant to make the contract sued upon. And said paragraph of the court's charge assumed that they (the drivers) had such authority, and is therefore erroneous.

We have carefully considered the other assignments of error embraced in appellant's brief, and are of opinion none of them is well taken, and therefore overrule them.

For the error above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Associate Justice Key dissents on one point discussed in the above opinion but concurs in the result.

DISSENTING OPINION.

KEY, ASSOCIATE JUSTICE.—Concurring in all other respects, the writer dissents from so much of the majority opinion as overrules the fourth assignment of error, and holds that appellant's first special exception to appellee's petition was properly overruled. The petition described the property alleged to have been injured by the defendant as "about the amount of $780 worth of nursery stock," and as "said trees." The special exception referred to challenged this description as being too general.

In Schneider v. Ferguson, 77 Texas, 572, the property involved was described as "a stock of goods, consisting of salt, coal oil, apricots in cans, bottles of extract of vanilla, bottles of chowchow, starch, black pepper, cinnamon bark, pipes, cloves, cinnamon pulverized, cayenne pepper, cans of tea, cloves, boxes of stove polish, saucers, powder in cans, cups, ropes, lamp burners, lamp wicks, buckets, sugar, empty barrels, and various other kinds of goods usually kept by a retail grocer. Also many articles of personal property necessary for use in connection with such a business, which were in the store at said time, and that among such other things was a pair of platform scales and a stove. That all of said property was reasonably worth the sum of $600, and that plaintiffs are unable to give a more accurate description of the same." The petition was excepted to upon the ground that the property was not sufficiently described, and the Supreme Court held that the exception should have been sustained.

In Beck v. Avondino, 82 Texas, 314, the property was described as "millinery goods, consisting of hats, bonnets, laces, ribbons, flowers, braids, hairpins, trimmings of all kinds, being a complete stock of millinery goods of all kinds of the value of $3,000." It was held on appeal that the petition was obnoxious to a demurrer, because it did not set out the quantity and the value of each of the several articles of property comprising the stock of goods. The opinion in that case was written by the present Chief Justice of this court, and cites with approval Schneider v. Ferguson, supra. See, also, Townes on Pleading, 278, 279.

The majority opinion does not controvert the rule announced and ap-

plied in the cases cited, but seems to rest upon the theory that this case is of another class, and the rule referred to not applicable. The distinctions sought to be made are, (1) that the plaintiff had contracted to sell the nursery stock for a specified amount, and sought to recover the contract price as the measure of his damages; and (2) that it was developed upon the trial that the defendant was fully apprised of the matters it was called upon to meet and defend against.

Considering the latter point first, it seems sufficient to say that matters which were developed after the ruling complained of was made can have no bearing on the question of the correctness of the ruling. If no other error was pointed out, this court might consider the matters referred to in determining whether the error in the ruling had become harmless.

As to the other point, the petition, as the writer construes it, does not seek to recover special damages, or the contract price, only, but contains averments authorizing the admission of testimony as to, and a recovery for, the market value of the property. In fact, there is no specific averment in the petition that the persons with whom the plaintiff had contracted for the sale of the property had agreed to pay therefor $780, or any other specified sum. But, conceding that the plaintiff sought to recover the contract price as special damages, the writer is of the opinion that his petition was so framed as to admit proof of and authorize a recovery for general damages, which would be the market price of the property. Furthermore, if it be conceded that the petition is so framed as not to admit of a recovery other than the contract price of the property, no sufficient reason is seen why that fact should be held to dispense with the same particularity of description which otherwise would be required. When an action is brought to recover damages on account of conversion of or injury to property, it seems to me that the measure of damages laid in the petition, whether general or special, is wholly immaterial in determining the degree of particularity with which the property should be described in the pleading upon which recovery is sought.