KANSAS CITY, M. & O. RY. CO. OF TEXAS v. WELLS.

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1911. Rehearing Denied Jan. 13, 1912.)

1. PARTIES (§ 84*)—NONJOINDER OF DEFENDANTS—EXCEPTIONS.

Where the petition does not on its face show a nonjoinder of parties defendant, that question cannot be raised by exception.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142; Dec. Dig. § 84.*]

2. CONTINUANCE (§ 45*)—ABSENCE OF WITNESSES—SOURCE OF INFORMATION AND BELIEF.

An application for a continuance on the ground of the absence of material witnesses, verified according to the affiant's knowledge and belief, is defective in failing to state the source of the affiant's knowledge and belief.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 130; Dec. Dig. § 45.*]

3. CONTINUANCE (§ 46*)—ABSENCE OF WITNESSES—DUE DILIGENCE.

An application for a continuance on the ground of the absence of material witnesses, which fails to state that the applicant used due diligence to obtain such testimony, or to set

out facts showing that the applicant had used such diligence, is defective.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 133; Dec. Dig. § 46.*]

4. CONTINUANCE (§ 46*)—ABSENCE OF WITNESSES.

An application for a continuance on the ground of absence of material witnesses, which failed to state that defendant expected to procure the testimony of the absent witnesses at the next term of court, or within a reasonable time, is defective.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 135; Dec. Dig. § 46.*]

Appeal from Foard County Court; F. W. Staton, Judge.

Action by R. A. Wells against the Kansas City, Mexico & Orient Railway Company of Texas. There was a judgment for plaintiff in the justice court, and defendant appealed to the county court, and from a second judgment for plaintiff, defendant appeals. Affirmed.

L. W. Allred, for appellant. Robert Cole and Crudgington, Works & Umphres, for appellee.

HALL, J. Appellee filed this suit in the justice court of Foard county, claiming damages to his crops caused by the negligent acts of the defendant railway company in leaving his fences down during the construction of its roadbed through his farm, and in negligently causing the death of one mare belonging to appellee.

[1] A trial in the justice court resulted in a judgment for appellee in the sum of $150. On appeal to the county court appellant, by first amended original answer, excepted to plaintiff's petition, upon the ground "that same is insufficient in law, for the reason that at the time of the alleged injury the International Construction Company, an independent corporation, incorporated under the laws of the state of Texas, with its principal office at Sweetwater, Tex., is a necessary party, and should be joined as defendant." This was followed by a general denial. The point raised by the exception was not apparent from plaintiff's pleading and the question of nonjoinder of parties defendant in such case cannot be raised by exception.

[2-4] Appellant filed an application for a continuance of the cause, which was insufficient as a statutory application in the following particulars: It was verified by affidavit of its attorney, stating the facts to be true "to the best of his knowledge and belief," and did not give the source of said attorney's information. Sullivan v. First Nat. Bank, 37 Tex. Civ. App. 228, 83 S. W. 422; St. L. & S. W. Ry. Co. of Texas v. Harkey, 39 Tex. Civ. App. 533, 88 S. W. 506; G., C. & S. F. Ry. Co. v. Brown, 75 S. W. 807. It fails to allege that appellant used "due diligence" to procure the testimony of the witnesses on account of whose absence the continuance

was sought. Pacific Express Company v. Needham, 37 Tex. Civ. App. 129, 83 S. W. 22; Railway Co. v. Aiken, 71 Tex. 377, 9 S. W. 437. It does not state when the witnesses quit the employ of defendant company nor when defendant or affiant learned that fact, nor the date when the interrogatories for the purpose of taking their depositions were filed, nor to whom nor when the commissions were sent, and, in the absence of the statement of such facts, it is impossible for the trial court and this court to determine whether or not defendant used due diligence. T. & P. Ry. Co. v. Hardin, 62 Tex. 367; I. & G. N. Ry. Co. v. Ragsdale, 67 Tex. 24, 2 S. W. 515; Western Union Telegraph Company v. Berdine, 2 Tex. Civ. App. 517, 21 S. W. 982. It further fails to state that defendant expected to procure the testimony of the absent witnesses at the next term of the court or within a reasonable time. Campbell v. McCoy, 3 Tex. Civ. App. 298, 23 S. W. 34; Doxey v. Westbrook, 62 S. W. 787.

By its third assignment appellant challenges the sufficiency of the testimony to support the verdict. While the evidence upon the issue of the injuries to the mare is not as strong and convincing as it might have been, the jury, whose exclusive prerogative it was to pass upon that question, settled it adversely to the appellant, and, since there was some testimony supporting appellee's contention, we are not permitted to disturb their finding.

There being no reversible error shown in the record, the judgment is affirmed.