## TEXAS COTTON PRODUCTS CO. v. STARNES.

(Circuit Court, W. D. Texas, Austin Division. February 3, 1904.)

1. COURTS—JURISDICTION—EFFECT OF DISMISSAL OF FORMER SUIT AFTER RE- MOVAL.

Where, after the removal of a suit, the plaintiff procures an order dis- missing the same without prejudice, the jurisdiction of the federal court ends, and the fact of the removal does not affect the jurisdiction of the state court to entertain a new suit on the same cause of action.

2. FEDERAL COURTS—INJUNCTION TO STAY PROCEEDINGS IN STATE COURT.

Neither the fact that a plaintiff, who after removal dismissed his suit without prejudice, has instituted a new suit on the same cause of action in the state court from which the removal was made, nor that he has re- duced his demand to a sum below that necessary to give the federal court jurisdiction, takes the case out from the operation of Rev. St. § 720 [U. S. Comp. St. 1901, p. 581], which prohibits such court from granting an in- junction staying proceedings in any state court.

In Equity. Suit for injunction.

The bill in this suit, duly verified, was brought by the Texas Cotton Products Company, a New York corporation, against W. T. Starnes, a citizen of Texas, to restrain the prosecution of a suit by Starnes in the district court of William- son county, Tex. It appears from the allegations of the bill, considered in con- nection with the exhibits thereto attached, that on December 18, 1902, the de- fendant, Starnes, instituted in the state court a suit to restrain the plaintiff in this suit from operating its plant, which is situated in the immediate vi- cinity of Starnes' residence. In that suit Starnes alleged that the operation of the plant of the Texas Cotton Products Company constituted a nuisance, and he prayed its abatement, and also sought to recover damages resulting to his property, and for the annoyance and suffering of his family, in the sum of $2,500. The Texas Cotton Products Company filed its petition and bond De- cember 24, 1902, for the removal of the cause to this court. On February 10, 1903, the following order was entered by the court, dismissing the suit:

"Now on this the 10th day of February, A. D. 1903, came the complainant, W. T. Starnes, by his attorney, and craved leave of the court to have his bill herein dismissed without prejudice to the reinstitution of his said suit; which leave having been granted, complainant says that he will not further prosecute this suit. Wherefore it is considered, ordered, adjudged, and decreed by the court that complainant's bill be and the same is hereby dismissed, but without prejudice to the reinstitution of said suit."

Subsequently, on December 23, 1903, Starnes instituted in the district court of Williamson county, Tex., another suit upon the same cause of action, in which he claimed $1,900 damages, but in his second suit neither injunction nor other equitable relief was prayed. The present bill seeks to enjoin the prosecution of this second suit in the state court, which, it may be added, has not been removed to this court. The bill proceeds upon the theory that, upon removal of the first cause from the state to the United States court, the latter acquired jurisdiction of the suit and of the subject-matter, and such jurisdic- tion, thus acquired, could not be divested by the voluntary dismissal of the suit and its subsequent reinstitution in the state court, upon pleadings falsely alleging the amount of damages sustained, for the purpose of depriving this court of its previously acquired jurisdiction. The defendant objects to the jurisdiction of the court upon two grounds, but it will be necessary to con- sider only the following:

"It affirmatively appears from the allegations of the bill that there is no action or suit pending in this court, and was not when the bill was filed, by

---

² 2. Federal courts restraining proceedings in state courts, see notes to Carner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.

this defendant against the complainant, and therefore this court is without jurisdiction to interfere with defendant in the prosecution of any cause of action which he may have against complainant in the courts of the state of Texas."

Eugene Williams, for plaintiff.

Nunn, Ward & Neal and West & Cochran, for defendant.

MAXEY, District Judge (after stating the facts as above). After the removal of the cause, first instituted in the state court, the plaintiff, Starnes, procured an order of this court dismissing the suit, without prejudice to his right to reinstitute the same. That he had the right, under the circumstances of the case, to an order of dismissal, there can be no doubt. Pullman Car Co. v. Transportation Co., 171 U. S. 145, 146, 18 Sup. Ct. 808, 43 L. Ed. 108; Chicago & Alton Railroad Company v. Union Rolling Mill Company, 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; City of Detroit v. Detroit City Railway Co. (C. C.) 55 Fed. 569. And after the suit was dismissed it was entirely out of this court, and Starnes, by the terms of the order, had the right to institute another suit in any court of competent jurisdiction. He saw proper to bring his second suit in the state court, and, although he claims less than $2,000, no reason is perceived why he may not so do, notwithstanding the amount may not be sufficient to confer jurisdiction upon this court. Gassman v. Jarvis (C. C.) 100 Fed. 146; Hooper v. Atlanta, etc., Ry. Co., 106 Tenn. 28, 60 S. W. 607, 53 L. R. A. 931; McIver v. Florida, etc., R. R. Co. (Ga.) 36 S. E. 775; Rodman v. Mo. Pac. Ry. Co. (Kan.) 70 Pac. 642, 59 L. R. A. 704; Hughes v. Green, 84 Fed. 833, 28 C. C. A. 537. The case of Railroad Company v. Fulton, 59 Ohio St. 575, 53 N. E. 265, 44 L. R. A. 520, relied upon by counsel for the plaintiff, has been thoroughly considered in several of the cases above cited, and the courts have uniformly declined to follow it.

It may be noted that the plaintiff, in the present bill, has not removed nor attempted to remove the second suit to this court. That suit remains, where it was instituted, in the state court, and the purpose of the plaintiff is to restrain its further prosecution. Under these circumstances the case comes clearly within the inhibition of section 720 of the Revised Statutes, which provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Upon this point it was said by Mr. Justice Bradley, as the organ of the court, in Haines v. Carpenter, 91 U. S. 257, 23 L. Ed. 345: "In the first place, the great object of the suit is to enjoin and stop litigation in the state courts, and to bring all the litigated questions before the Circuit Court. This is one of the things which the federal courts are expressly prohibited from doing. By the act of March 2, 1793 [1 Stat. 334, c. 22, § 5], it was declared that a writ of injunction shall not be granted to stay proceedings in a state court. This prohibition is repeated in section 720 of the Revised Statutes [U. S. Comp. St. 1901, p. 581], and extends to all cases except where otherwise provided by the bankrupt law." See, also, United States v. Parkhurst-Davis Co., 176 U. S. 317, 20 Sup. Ct. 423, 44 L. Ed. 485; Moran v. Sturges, 154 U. S. 256, 14 Sup.

Ct. 1019, 38 L. Ed. 981; In re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782; In re Sawyer, 124 U. S. 219, 220, 8 Sup. Ct. 482, 31 L. Ed. 402; Sargent v. Helton, 115 U. S. 348, 6 Sup. Ct. 78, 29 L. Ed. 412; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Leathe v. Thomas, 97 Fed. 136, 38 C. C. A. 75.

There are, it is true, certain exceptions to the general rule above announced, but, as the second suit, instituted by Starnes in the state court, has not been removed to this court, and therefore the jurisdiction of this court has not attached, it becomes unnecessary here to indicate such exceptions or limitations as may exist.

The prayer for injunction is denied, and the bill is dismissed.