## George Morgan, Defendant in Error, v. Wabash Railroad Company, Plaintiff in Error.

1. MASTER AND SERVANT—*duty to furnish safe place.* While the general rule of law is that the master must use reasonable care to furnish a reasonably safe place for his servant to work, this rule is always subject to limitations and exceptions, and one universal exception well recognized is that where the master has used reasonable diligence to provide a reasonably safe place for the servant to perform his work and in the prosecution of that work changes are produced in the conditions of the place where the servant is required to work and these conditions are in the performance of the work for which the servant is employed and only temporary, the rule does not require the master to keep the place reasonably safe at all times under such changed conditions, and the rule has no application where the master does not make or

create the conditions but they are created by the progress of the work and the men engaged in it. This general rule is also subject to the exception that it does not apply to servants whose duty it is to see that the place is kept in a reasonably safe condition and whose duty it is to remove or remedy any defects which arise therein by reason of the work performed by the servant.

2. MASTER AND SERVANT—*employment of insufficient number of servants.* The fact alone that a master fails to employ a sufficient number of men to do the work in question does not constitute a cause of action.

3. MASTER AND SERVANT—*when doctrine of assumed risk applies.* A servant assumes the risk of injuries from all conditions of which he has equal knowledge with the master to know and which are open to his observation and which he might have easily known by the use of his sense of observation.

Action in case. Error to the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1909. Reversed. Opinion filed October 18, 1910.

HUGH CREA and HUGH W. HOUSUM, for plaintiff in error.

JACK & DECK, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This suit was an action of trespass on the case, to recover damages for alleged personal injuries, brought by George Morgan against the Wabash Railroad Company, in the Circuit Court of Macon county. The trial resulted in a verdict in favor of plaintiff below for $1,500. A motion for new trial was overruled, judgment was entered on the verdict, from which judgment the defendant below has prosecuted this writ of error to this court.

The declaration in this case charges plaintiff in error with a failure to perform its duty in providing defendant in error with a reasonably safe place in which to discharge his duties, and in charging the failure to do this alleges that in one of the departments

at the shops of plaintiff in error was a certain scrap pile or scrap heap whereby the different kinds and qualities of old and refuse iron were collected, separated and placed into bins, that this old iron and refuse material was hauled into the department upon cars, that the tracks were depressed here, a platform was built that came even with the floor of the cars, that on either side of the tracks was a platform or passageway eight to ten feet wide, and that on either side of that passageway was erected certain bins for the receipt of the various kinds of scrap iron and material; that there was a certain piece of machinery used in connection with this that was used for cutting away the old and refuse scrap from the portion of the material that was desired to be saved.

The declaration alleges that it was the duty of defendant in error to assist in taking care of unloading this old iron and refuse material and place the same in the proper bins; that to do this it became necessary to use the various passageways or platforms built between the bins and the track and that it was the duty of plaintiff in error to keep this passageway free and clear so that the same would be a reasonably safe place in which defendant in error might perform his duties.

. The first count alleges a failure to keep this place in proper condition by permitting and allowing the passageway to become accumulated and blocked with refuse iron, scrap and old material whereby it became dangerous and unsafe. This count also alleges that plaintiff in error employed a certain servant for this purpose and that it negligently and carelessly removed the servant in the performance of this work whereby it became so obstructed, and that defendant in error was not aware and did not know of this condition by reason whereof he was injured, etc.

The second count is almost identical with the first but avers as a neglect of duty that the plaintiff in error failed to employ servants, whose duties it was to keep said passageway clear, free from obstruction, etc., and

by reason of the failure to so employ such servants it became obstructed, clogged and full of iron and refuse material, by reason of which defendant in error was injured, etc.

Plaintiff in error insists that the judgment should be reversed for the reason that the injury to defendant in error was not caused by reason of any negligent act on the part of plaintiff in error, but his injury was one of the ordinary risks assumed by him in his employment; also for the reason that it became and was a part of the duty of defendant in error to assist in keeping this passageway free and clear of these obstructions and further that at the time the passageway became so obstructed that defendant in error was not using due care and caution for his own safety and further for the reason that the condition was open, obvious and apparent to any person using his faculties of sight and observation in the exercise of due care and caution for his own safety and that defendant in error had equal, if not better, opportunity to know the condition than did plaintiff in error.

Plaintiff in error at the close of the evidence for plaintiff moved the court to instruct the jury to find for the defendant, which instruction and motion were overruled; the motion and instruction were renewed at the close of all the testimony and again overruled.

The record in this case discloses that defendant in error was in the employ of plaintiff in error as a common laborer for the purpose of removing scrap iron, old material and refuse material from the flat cars at its shops at Decatur to various bins constructed along the side of the track upon which the cars were placed for the purpose of unloading; that it became necessary with certain of the material or scrap that was brought in upon these cars to take the same from the cars to a compressed air cutting machine, which was used for the purpose of cutting off the material that might be saved and separating it from the old scrap and refuse material and whenever this was necessary it became a

part and was a part of the duty of defendant in error to do this work, and it became and was a part of his duty in unloading the scrap and material from the cars to place the same at the bin where it belonged, each bin being properly designated as to the kind of material to be put therein.

At the machine the old and refuse material, accumulated and fell, and accumulated in the passageway between the bins and the car, which passageway it was necessary for defendant in eror to use in the performance of his work. Plaintiff in error employed a servant whose duty it was to remove this scrap and refuse material from this passageway and from the machine; but on numerous occasions the accumulation would be greater than he was able to remove and upon these occasions, which were numerous, defendant in error was required to and did assist in removing this old scrap and refuse material from this passageway; it was a part of his duty, as shown by the clear weight of the evidence, to assist in keeping this passageway free from obstruction.

The evidence further discloses that at the time of the injury in question defendant in error was with the other servants of plaintiff in error removing from the car a certain brake-beam and was removing the same to the cutting machine for the purpose of having the same operated upon by that machine. In carrying this brake-beam from the car to the machine defendant in error was walking backwards and while walking backwards stumbled and fell over some old scrap or refuse material which had accumulated in the passageway, the brake-beam fell upon him and he received the injury complained of. There was nothing in any way to obstruct or hinder the view or observation of defendant in error or to keep him from knowing that this passageway had the accumulation of iron and refuse material therein, and that in his walking backward in the direction thereof that he was liable to and probably would come in contact therewith.

While the general rule of law is that the master must use reasonable care to furnish a reasonably safe place for his servant to work, this rule is always subject to limitations and exceptions, and one universal exception, well recognized, is that where the master has used reasonable diligence to provide a reasonably safe place for the servant to perform his work and in the prosecution of that work changes are produced in the condition of the place where the servant is required to work and these conditions are in the performance of the work for which the servant is employed and only temporary, the rule does not require the master to keep the place reasonably safe at all times under such changed conditions and the rule has no application where the master does not make or create the conditions but they are created by the progress of the work and the man engaged in it.   Village of Montgomery v. Robertson, 229 Ill. 466.

The rule is also subject to the exception that it does not apply to servants whose duty it is to see that the place is kept in a reasonably safe condition and whose duty it is to remove or remedy any defects which arise therein by reason of the work performed by the servant.   Kellyville Coal Co. v. Bruzas, 223 Ill. 595.

The evidence also discloses that at certain times the accumulation became so great in the passageway and at the machine that one man was unable to remove it and keep the passageway clean; and it is further insisted by counsel for defendant in error that it then became and was the duty of the master to provide and employ a sufficient number of men for the purpose of keeping this passageway free from such material and that a failure to do so was negligence on its part.   Defendant in error in his employment, and which had continued for a considerable length of time, knew and was fully aware of this condition; he had been called upon on numerous occasions to assist in removing the debris, refuse and waste materials that had collected in this

passageway and at the machine to clear up the passageway; he knew that there was but one man employed for this purpose, but made no complaint of this condition of affairs, and continued in this employment, knowing the conditions; and having so continued in the employment without complaint, he cannot complain that a sufficient number of men were not employed for this specific purpose. The fact alone that a master fails to employ a sufficient number of men to do the work does not constitute a cause of action. Swift & Co. v. Rutkowski, 167 Ill. 156; Chicago & Eastern Illinois R. R. Co. v. Geary, 110 Ill. 383; C. & E. R. R. Co. v. Heerey, 203 Ill. 492.

The evidence discloses beyond controversy that whatever danger existed at the time was as obvious and apparent to defendant in error, who, the evidence discloses, was a person of ordinary intelligence, as it was to the master, and where this condition exists the law charges the servant with knowledge of such danger and he assumes the risk of injury from all conditions of which he has an equal knowledge with the master to know and which are open to his observation and which he might have easily known by the use of his sense of observation. Montgomery Coal Company v. Barringer, 218 Ill. 327; Christiansen v. Graver Tank Works, 223 Ill. 142.

The record in this case does not show that the plaintiff in error was guilty of the negligence charged in the declaration in either count thereof, neither does it show that defendant in error was in the exercise of due care and caution for his own safety at the time of the injury but it does show conclusively that the injury occasioned to defendant in error was caused by one of the risks assumed by him and was incident to his employment and for which the plaintiff in error is not liable and the trial court erred in refusing to grant plaintiff in error's motion to direct a verdict and for this reason the judgment below is reversed, and the clerk will enter

in the judgment of this court the finding of fact, that defendant in error was not in the exercise of ordinary care for his own safety and that the injury was occasioned by reason of one of the ordinary risks assumed by defendant in error incident to his employment.

*Reversed.*