CYBUR LUMBER CO. v. ERKHART.

(Circuit Court of Appeals, Fifth Circuit. January 28, 1918.)

No. 3172.

1. APPEAL AND ERROR ⊜⟶882(20)—REVIEW—INVITED ERROR.
    A plaintiff cannot except to his own motion for voluntary nonsuit, be-
    · cause, if it was error to grant it, he invited the error.

2. APPEAL AND ERROR ⊜⟶78(4)—REVIEW—FINAL JUDGMENT.
    A judgment of nonsuit entered over the protest of the defendant is a
    final one, reviewable at the instance of the defendant, though not an ad-
    judication of the merits of the controversy.

3. APPEAL AND ERROR ⊜⟶1203(5)—STATUTES—APPEAL—REMAND—EFFECT.
    Where a judgment for plaintiff in the federal District Court for Mis-
    sissippi, was reversed on writ of error, with direction that on the next
    trial, if the evidence was the same, a verdict for defendant should be di-
    rected, plaintiff, upon trial after remand under Code Miss. 1906, § 802,
    which is applicable and allows a plaintiff to take a nonsuit at any time
    before retirement of the jury to consider its verdict, may take a volun-
    tary nonsuit at any time before submission of the case to the jury and
    its retirement.

4. DISMISSAL AND NONSUIT ⊜⟶5—RIGHT OF DISMISSAL—PREJUDICE TO DE-
    FENDANT.
    Ordinarily a plaintiff may, at any time, discontinue his action as a mat-
    ter of course before hearing, exceptions to the rule being where the plead-
    ings of ·defendant entitle him to a cross-action or to a decree against
    plaintiff, or where his counterclaim would be barred by limitations if
    plaintiff was allowed to dismiss his action, and hence a plaintiff, action
    begun in the federal court, may, at any ·time before submission, dismiss
    his action, even though the dismissal will enable him to commence anoth-
    er action in a different forum; the defense being a mere denial of liabil-
    ity, and defendant not being prejudiced by the possibilities of future liti-
    gation.

5. COURTS ⊜⟶339—FEDERAL COURTS—PRACTICE—STATUTES.
    Conformity statute (Rev. St. § 914 [Comp. St. 1916, § 1537]), declaring
    that the practice, pleadings, forms, and modes of procedure in civil cases
    of the District Courts of the United States shall conform as near as may be
    to the practice and procedure existing in the courts of the state within
    which the district court is held applies to judgments of nonsuit, and where
    the state practice permits a nonsuit before verdict, the federal courts
    should follow the similar practice.

In Error to the District Court of the United States for the Southern
District of Mississippi; Henry C. Niles, Judge.

Action by Corbet Erkhart, by J. H. Erkhart, his next friend, against
the Cybur Lumber Company. There was a judgment of voluntary
nonsuit, and a motion for judgment and to set aside the order grant-
ing the nonsuit. Plaintiff brings error. Affirmed.

See, also, 238 Fed. 751, 151 C. C. A. 601.

W. J. Gex, of Bay St. Louis, Miss., and J. C. Henriques, of New
Orleans, La. (Gex & Waller and J. C. Henriques, all of Bay St. Louis,
Miss., on the brief), for plaintiff in error.

J. H. Mize, of Gulfport, Miss. (O. F. Moss, of Lucedale, Miss., and
Mize & Mize, of Gulfport, Miss., on the brief), for defendant in
error.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge. Corbet Erkhart, by next friend, sued the Cybur Lumber Company in tort, and recovered a judgment. The defendant prosecuted a writ of error to this court and the judgment was reversed, the court holding that a verdict for the defendant should have been directed upon the evidence in the record, and the cause was remanded to be proceeded with in conformity with the opinion rendered by this court, 238 Fed. 751, 151 C. C. A. 601. Upon the remand of the case the plaintiff took a voluntary nonsuit, over objection. Subsequently the defendant moved for a judgment, which motion was overruled. It then moved to set aside the order granting the plaintiff a nonsuit, which motion was also denied. Another motion was made to redocket the case and to set the same for a hearing, and this motion was also denied.

[1, 2] 1. A plaintiff cannot except to his own motion for a voluntary nonsuit, because, if it was error to grant it, he invited the error. But when he moves for a voluntary nonsuit, and a judgment of nonsuit is entered over the protest of the defendant, the judgment is a final one and reviewable at the instance of the defendant, though not res judicata of the merits of the controversy. Connecticut Fire Ins. Co. v. Manning, 177 Fed. 893, 101 C. C. A. 107.

[3] 2. It is a statute of the state of Mississippi that:

"Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict." Miss. Code of 1906, § 802.

Under this statute a plaintiff, at any time before the jury had retired to consider their verdict, had a right to take a nonsuit. When the verdict was set aside by the court, with direction that on the next trial, if the evidence was the same, a verdict for the defendant should be directed, the whole case was reopened, and relatively to the second trial the case was in the same situation it was when it was ripe for trial in the first instance. The direction of the court was only intended to operate on evidence adduced on the second trial, and had no effect on the plaintiff's right to discontinue his case by suffering a voluntary nonsuit.

[4] The general rule is that a plaintiff may discontinue his action as a matter of course before the hearing. There are exceptions to the general rule, as where the pleadings of the defendant entitle him to cross-relief, or to a decree against the plaintiff, or where his counterclaim would be barred by the statute of limitations if the plaintiff was allowed to dismiss his action. C. & A. R. R. Co. v. Union Roller Mills Co., 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081.

The case at bar is a suit for personal injuries, and the defense only goes to the denial of the facts on which the plaintiff bases his action, and falls within the general rule. The defendant is not hurt by the withdrawal of the plaintiff's suit. It is true that the plaintiff may bring his suit over either in the same court or in another court having jurisdiction. In those jurisdictions where law and equity

causes were tried by different tribunals, it was not unusual for a plaintiff to discontinue his case in a law court and recommence it in a court of equity. It is not regarded as such prejudice to a defendant that the plaintiff or complainant dismissing his bill may, at his pleasure, harass him by filing another action for the same matter. Bank v. Rose, 1 Rich. Eq. (S. C.) 294.

[5] Under the Conformity Statute (Rev. St. U. S. § 914 [Comp. St. 1916, § 1537]), the practice, pleadings, and forms and modes of procedure in civil causes, other than equity or admiralty, in the District Courts of the United States, shall conform "as near as may be" to the practice, pleadings, and forms and modes of procedure existing in the courts of record of the state within which the District Court is held. This section has been applied to judgments of nonsuit, and it has been held in actions at law that when the state practice permits a nonsuit before verdict, the reviewing court will not disturb a judgment of nonsuit granted in the United States Courts according to the state practice. McCabe v. Southern Ry. Co. (C. C.) 107 Fed. 213; Connecticut Fire Ins. Co. v. Manning, 177 Fed. 893, 101 C. C. A. 107.

In the last-cited case Sanborn, J., dissented, but his dissent was placed on the practice pertaining to appellate procedure. In that case, after its remand to the Circuit Court, the defendant on the second trial moved for a judgment on the pleadings, which motion was overruled, and exceptions thereto were taken. Judge Sanborn undertook to differentiate that case by calling attention to the time when the motion to dismiss was made.

No error appears in the record. Judgment affirmed.