## EL PASO & SOUTHWESTERN CO. et al. v. RIDDLE.

(District Court, W. D. Texas, El Paso Division. March 1, 1923.)

No. 136.

1. **Courts ⬌351½—Right of plaintiff to dismiss determined by state.**

In determining the right of a plaintiff to dismiss or take nonsuit, and in deciding when and how he may do so in the federal court, such court, under the conformity statute, must look to the law and rules of practice of the state courts.

2. **Dismissal and nonsuit ⬌12—When plaintiff may discontinue in Texas.**

The general rule in Texas, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, is that a plaintiff may discontinue his action as a matter of course within the limitations set by the statute, which are only that it must be done before the jury retires, or before the judge announces his decision on the merits, and when to do so will not prejudice the right of the adverse party to be heard on his claim for affirmative relief.

3. **Removal of causes ⬌108—Plaintiff may discontinue after removal.**

Plaintiffs in an action started in Texas have the right to discontinue on removal to the federal court, where no affirmative relief has been asked, and when a case removed to the federal court is voluntarily dismissed, it is again at large, and the plaintiff is again at liberty to begin an action in any court of competent jurisdiction, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955.

4. **Removal of causes ⬌108—Plaintiff, starting new suit in state court, held entitled to discontinue action removed.**

Where action was brought in Texas court, and was removed by defendant, and a mere general denial filed, and thereafter plaintiff, without discontinuing the removed suit, started another action in the state court under the same cause of action, but claiming an amount of damages under $3,000, plaintiff thereafter had a perfect right, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, to discontinue the removed cause, even in the face of objections by defendant and a suit to enjoin maintenance of the second action.

5. **Removal of causes ⬌111—Federal court obtains exclusive jurisdiction.**

When a case is properly removed to the federal court, that court holds and can exercise exclusive jurisdiction over it, and, so long as it remains there, may enjoin the plaintiff from prosecuting a case involving the same cause of action in the state court.

---

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Injunction ⬅118(3)—Allegations concerning prosecution of case in state court after removal held not to show fraud.**

Where plaintiff, after removal of cause from state court, started another action in the state court on the same cause of action for an amount of damages below the jurisdiction of the federal court, allegations by defendants, in a suit to enjoin maintenance of the second action, that the new suit was only "for the purpose of wrongfully depriving these plaintiffs of the right secured thereby, by virtue of the removal of said cause to this court, and for the purpose of wrongfully depriving this court of jurisdiction of said cause," did not charge that the institution of the second suit was "fraudulent."

In Equity. Suit by the El Paso & Southwestern Company and others against J. M. Riddle. Decree for complainant.

Del W. Harrington, of El Paso, Tex., for complainants.

Whitaker & Peticolas, of El Paso, Tex. (W. M. Peticolas, of El Paso, Tex., of counsel), for defendant.

SMITH, District Judge. J. M. Riddle, the defendant in this case, on the 10th day of September, 1921, filed suit in the Forty-First district court of the state of Texas, against the El Paso & Southwestern Company, El Paso & Southwestern Railroad Company, the El Paso & Northeastern Railroad Company, and the El Paso & Southwestern Railroad Company of Texas, complainants herein, and hereinafter referred to as the railroad companies, to recover of them damages in the sum of $6,150, alleged to have grown out of a shipment of cattle over complainants' lines of railway. The case being removable, the railroad companies duly presented to the state court petition and bond for removal, which was granted, and on November 26, 1921, filed transcript in this court, and on December 24, 1921, filed their answer, which consists only of a general denial. No motion has been made to remand, and no further proceedings of a material character have been taken in the case, and it is now pending, numbered 765 at law, on the docket of this court.

After the removal of said case to this court, Riddle on December 16, 1922, filed suit in the Sixty-Fifth district court, of El Paso, Tex., against the same railroad companies upon the same cause of action, but claimed a less amount of damages, to wit, only $2,999, a sum without the jurisdiction of this court. This suit in equity was filed on January 25, 1923, by the railroad companies, praying for an injunction restraining Riddle from further prosecuting the last-named case in the state court. The bill of complaint was presented to me in chambers on the 25th day of January, 1923, and, upon hearing, an order was made citing Riddle to appear on February 3, 1923, and show cause, if any he had, why a preliminary injunction should not be issued against him as prayed for, and a temporary restraining order was issued to operate meanwhile.

On January 30, 1923, Riddle filed his motion in said cause No. 765 at law in this court, announcing that he would no longer prosecute said case, and prayed that same be dismissed without prejudice, at his costs, and in his answer to the bill of complaint he pleads that injunc-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.tion should not be granted because of his said motion to dismiss and discontinue said cause in this court. The railroad companies insist that, as the second case in the state court involves the same cause of action as the one removed, this court should view the second case as a wrongful attempt to deprive them of their right to have the removed case tried in this court, and upon that ground should deny the motion to dismiss, and this is the question now to be decided. If the voluntary motion of Riddle to dismiss the removed case should be sustained, then there would be no basis upon which to grant an injunction.

[1] In determining the right of a plaintiff to dismiss or take nonsuit, and in deciding when and how he may do so in the federal court, we must, under the conformity statute, look to the law and rules of practice of the state courts. Barrett v. Virginia Ry. Co., 250 U. S. 473, 39 Sup. Ct. 540, 63 L. Ed. 1092; Cybur Lumber Co. v. Erkhart, 247 Fed. 284, 159 C. C. A. 378; McCabe v. Southern Ry. Co. (C. C.) 107 Fed. 213; Conn. Fire Ins. Co. v. Manning, 177 Fed. 893, 101 C. C. A. 107. A statute of Texas provides that:

"At any time before the jury have retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced." Vernon's Sayles' Civil Stats. 1914, art. 1955.

[2] The general rule is that a plaintiff may discontinue his action as a matter of course within the limitations set by the statute, which are only that it must be done before the jury retires or before the judge announces his decision upon the merits, and when to do so will not prejudice the right of the adverse party to be heard on his claim for affirmative relief. As the Supreme Court of Texas expresses it in the case of Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427:

"It is only when the defendant by a counterclaim seeks some 'affirmative relief' that the right of the plaintiff to discontinue the entire cause is forbidden. Obviously, the defendant only seeks such affirmative relief when by his own pleadings he prays for some specific recovery that cannot be given to him under pleadings that are strictly defensive and that serve only to compel the plaintiff to prove his own cause of action. * * * If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff for his own protection to dismiss the suit."

The case here sought to be dismissed belongs to this latter class, for the answer of the railroad companies goes only to a denial of the allegations on which Riddle bases his action. They ask for no affirmative relief of any kind.

[3] That plaintiffs have the same right to discontinue cases removed from state to federal courts, after removal, is a proposition so well settled and applied so often that it cannot be questioned; and it has often been decided that when a case removed to the federal court is voluntarily dismissed, it is again at large, and the plaintiff is again at liberty to begin it again in any court of competent jurisdiction. Southern Ry. Co. v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732; Gassman v. Jarvis (C. C.) 100 Fed. 146; Texas Cotton

Products Co. v. Starnes (C. C.) 128 Fed. 183, affirmed 133 Fed. 1022, 66 C. C. A. 673; Tex. & Pac. Ry. Co. v. Maddox, 26 Tex. Civ. App. 297, 63 S. W. 134, affirmed by Texas Supreme Court, 95 Tex. 688, 63 S. W. 134; Pac. Exp. Co. v. Needham, 37 Tex. Civ. App. 129, 83 S. W. 22; Pullman Co. v. Trans. Co., 171 U. S. 145, 18 Sup. Ct. 808, 43 L. Ed. 108.

[4] It has been decided that the fact that a plaintiff may bring his suit again in the same or another court does not constitute such prejudice to the rights of a defendant as would prevent a discontinuance. Cybur Lumber Co. v. Erkhart, 247 Fed. 284, 159 C. C. A. 378. If a plaintiff can recommence his suit in the state court after dismissal in the federal court to which it was removed, no reason is perceived why the refiling in the state court before dismissal should debar the plaintiff from discontinuing the case in the federal court.

[5] When a case is properly removed to the federal court, that court holds and can exercise exclusive jurisdiction over it, and as long as it remains there the federal court may enjoin the plaintiff from prosecuting a case involving the same cause of action in another court. But this involves an entirely different proposition from the one under consideration, which is, not to sustain, but to relieve, the federal court entirely of its jurisdiction by dismissal.

[6] If an attempt were being made to continue the prosecution of the case in the state court while the case remains on the docket of the federal court, it may be injunction would lie. I say "may be," because I am not sure, for the reason that the case in the state court does not involve an amount within the jurisdiction of the federal court, and there is no allegation on the part of the railroad companies that the amount claimed in the state court was reduced for the fraudulent purpose of depriving the federal court of jurisdiction. The allegation of the railroad companies is that suing again in the state court for an amount below the jurisdiction of this court was only—

"for the purpose of wrongfully depriving these plaintiffs of the right secured thereby by virtue of the removal of said cause to this court, and for the purpose of wrongfully depriving this court of jurisdiction of said cause."

Where the question has arisen, the courts have said that a plaintiff may waive a part of his recovery to which according to the averments of his complaint he is entitled, and thus avoid a removal. And especially is this true in the absence of any showing that there is an attempt to defraud the federal court of its jurisdiction. To charge that it was *wrongfully* done falls short of charging that it was *fraudulently* done. Collins v. Twin Falls North Side Land & Water Co. (D. C.) 204 Fed. 134; Barber v. Boston & M. Ry. Co. (C. C.) 145 Fed. 52; Swann v. M. R. F. Life Ass'n (C. C.) 116 Fed. 232.

Putting out of view the prior removal proceedings, and considering the suit sought to be enjoined only by the averments of the petition therein, it is exclusively within the jurisdiction of the state court. Riddle having waived so much of his claim as was necessary to bring the case within the jurisdiction of the federal court, as he had the undoubted right to do, it seems to me that in the absence of any at-

tack upon the ground of fraud upon the jurisdiction of the federal court, and no res being involved, an injunction would not lie even though no motion be made to dismiss the removed case. But, as I do not conceive it to be necessary, I do not decide that question.

I am of the opinion that, in asking for a discontinuance of the removed case, Riddle is entirely within the right given him by the statute of this state, and it cannot rightfully be denied.

The contention, however, of the railroad companies, is that such right of Riddle has been lost by the bringing of the second suit in the state court, as it evidences an intention on his part to wrongfully deprive them of the right to have the case tried in the federal court, and in support of this contention they cite the case of Palmer v. Delaware L. & W. Ry. Co. (D. C.) 222 Fed. 461. I have examined that case very carefully, and I think it can have no application to the question presented in this case. The United States District Court of the Northern District of New York in that case, in deciding that conditions could be imposed upon the right of the plaintiff therein to discontinue a case, based its decision upon the opinion of the Court of Appeals of New York, in the Matter of Waverly Waterworks Co., 85 N. Y. 478, from which it clearly appears that the discontinuance of a case in that state is entirely within the discretion of the court. It is not a matter of right, as it is in the state of Texas. The rule in New York seems to be that the courts there may in their discretion grant discontinuances upon any condition they choose to impose, or deny them altogether, and, in refusing the discontinuance in the case of Palmer v. Delaware, L. & W. Co., supra, Judge Ray merely exercised the discretion which the law of New York gave him. Neither the state nor the federal courts in Texas have any such discretion.

The court directs the clerk to enter an order dismissing cause No. 765 Law, J. M. Riddle v. E. P. & S. W. Co., et al., and also an order dismissing this cause, and adjudging the costs of both proceedings against J. M. Riddle.