## C. B. FOSTER PACKING CO. v. LAMEY.

(Circuit Court of Appeals, Fifth Circuit. March 24, 1925.)

No. 4502.

**1. Master and servant ⊗═294(5)—Instruction on servant's performance of nondelegable duty held not erroneous.**

In action for injuries to oyster shucker, sustained when caught between oyster truck, at which she was working, and another loaded truck, when other truck was struck by third truck being moved by other employees, charge as to negligence of servant performing nondelegable duty *held* not objectionable, as failing to instruct jury as to what constitutes nondelegable duty.

**2. Master and servant ⊗═286(27)—Evidence held insufficient for submission of negligence of employer.**

In action for injuries to oyster shucker, sustained when caught between oyster truck at which she was working and another loaded truck, when other truck was struck by third truck being moved by other employees, in which there was no evidence that employer permitted or consented to conduct of its employees in not giving signals or notice of truck movements likely to endanger other employees, and employer's evidence tended to prove that such employees had been instructed to give signal, employer was entitled to directed verdict.

**3. Master and servant ⊗═107(5)—Duty of employer to furnish safe place of work stated.**

Employer's obligation to provide reasonably safe place for employees to work does not impose on him the duty of keeping place safe at every moment of their work, so far as its safety depends on due performance of that work by them and their coemployees; but he is required merely to use reasonable diligence to furnish a reasonably safe place and competent coemployees, and to prescribe such reasonable regulations as experience shows may be best calculated to secure the safety of employees.

**4. Master and servant ⊗═185(7)—Employer not liable for consequences of employee's noncompliance with regulation prescribed for safety of coemployees.**

Employer, who used reasonable diligence to furnish employee a reasonably safe place to work and competent coemployees, and to prescribe such reasonable regulations as experience shows may be best calculated to secure the safety of employees, is not liable for the consequences to an employee of a danger created without employer's knowledge or consent, during progress of work by other employee's noncompliance with regulation prescribed for the safety of coemployees.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by Mrs. Mary Byrd Lamey against the C. B. Foster Packing Company. Judg-

ment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Carl Marshall, of Bay St. Louis, Miss., and J. H. Mize, of Gulfport, Miss. (Mize & Mize, of Gulfport, Miss., on the brief), for plaintiff in error.

L. W. Maples, of Gulfport, Miss. (L. W. Maples, of Gulfport, Miss., and H. A. Kruse, Jr., of Biloxi, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error to recover damages for personal injuries sustained while she was engaged as an oyster shucker in plaintiff in error's oyster canning factory at Biloxi, Miss. The parties are herein referred to by their designations in the trial court.

Each of the two counts of the declaration charged that, while plaintiff was at work shucking or opening oysters from a car or oyster truck on a track in the factory, she was injured as a result of being caught between that car and another loaded car on the same track, in consequence of the last-mentioned car being hit or struck by a third car, which was being moved by hand by employees of the defendant, to whom was assigned the task of pushing cars to the place where the oysters were steamed, and from that place over the tracks to where the oysters were to be shucked or opened.

The first count alleged that the defendant was negligent in permitting its employees, who pushed its oyster trucks or cars over its tracks, to push said cars or trucks over said tracks without giving signals or notice to plaintiff and other employees, who were at work where they were likely to be injured by cars so being moved. The second count contained a charge of negligence similar to that contained in the first count, and further alleged that defendant was negligent in failing to promulgate any rules as to giving signals or notice to plaintiff and other employees, situated and engaged as plaintiff was when she was hurt, of the approach of cars so being moved, and that plaintiff was injured by reason of such negligence.

Exceptions were reserved to part of the charge given by the court to the jury, and to the court's refusal to instruct the jury to find in favor of the defendant.

[1] The part of the court's charge which was excepted to was the following: "If she was injured by reason of the negligence of a servant performing a nondelegable duty for the master." That exception was stated to be "upon the ground that what is a nondelegable duty is a question of law, and the court did not state the facts that constitute a nondelegable duty, and there is no question of nondelegable duty in this case." In a preceding part of its charge the court stated: "The duty to furnish a reasonably safe place in which to work is a nondelegable duty; that is to say, it cannot be delegated by the employer to a servant, and if the employer does delegate such duty to a servant, then the employer is liable if the servant fails to perform one of those nondelegable duties." The part of the charge which was excepted to was not subject to objection on the ground stated. The court's charge did instruct the jury as to what constitutes a nondelegable duty. The case, involved a question as to the performance by the defendant of its nondelegable duty to furnish its employees a safe place for work.

[2] The plaintiff introduced evidence which tended to prove that she was hurt in the way alleged in the declaration, and that no signal or warning was given of the approach of the car which was being moved and struck the loaded car next to the one at which plaintiff was working. None of that evidence tended to prove that the defendant permitted or consented to the conduct of its employees in failing to give signals or notice of car movements likely to endanger employees at work, or bore upon the question whether defendant did or did not promulgate rules as to giving signals or notice of car movements on tracks in the factory. Evidence introduced by the defendant tended to prove that the two employees charged with the duty of moving cars or trucks from one place in the factory to another were instructed by the defendant to give a signal every time they switched or moved a car, to let other employees know, so they could get out of danger. The evidence to that effect was uncontroverted. In the just-mentioned condition of the evidence the plaintiff was not entitled to recover because of the absence of evidence to support the charge of negligence made in either count of the complaint. It follows that the defendant was entitled to have the jury instructed to find in its favor, and that the court erred in refusing to give such instruction.

[3, 4] For the purposes of another trial, in which different evidence may be adduced, the following statement is made: The obligation of an employer to provide a reason-

ably safe place for his employees to work does not impose on him the duty, as towards them, of keeping that place safe at every moment of their work, so far as its safety depends upon due performance of that work by them and their coemployees. All that the employer is required to do in that regard is to use reasonable diligence to furnish a reasonably safe place for his employee to work and competent coemployees, and to prescribe such reasonable regulations as experience shows may be best calculated to secure the safety of employees. If the employer does that much, he is not liable for the consequences to an employee of a danger created, without the employer's knowledge or consent, during the progress of the work, by another employee's noncompliance with a regulation prescribed for the safety of his coemployees. Armour v. Hahn, 111 U. S. 313, 4 S. Ct. 433, 28 L. Ed. 440; Central Railroad Co. v. Keegan, 160 U. S. 259, 267, 16 S. Ct. 269, 40 L. Ed. 418; Cybur Lumber Co. v. Erkhart, 238 F. 751, 151 C. C. A. 601; 18 R. C. L. 736.

Because of the above-mentioned error, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.