John E. Cone, J.
In this action seeking an injunction restraining the defendants from proceeding with their actions against the plaintiff in the Circuit Court of the City of Norfolk, Va., plaintiff moves for an injunction pendente lite pursuant to section 878 of the Civil Practice Act restraining the defendants during the pendency of this action from proceeding with their actions in Virginia.
Defendant, Commercial Union Fire Insurance Company of New York, cross-moves for an order dismissing the action on the ground that the same causes of action have already been removed to the United States District Court and cannot again be brought in this court which no longer has jurisdiction by reason of subdivision (e) of section 1446 of title 28 of the United States Code. Defendant, American Liberty Insurance Company, appearing specially, cross-moves for an order vacating the service of the summons and complaint upon it by the service upon the Superintendent of Insurance of the State of New York.
To properly focus the issues involved, a chronological statement of the facts is required. Briefly, the controversy between the plaintiff and defendants arises out of fire damage to four dwellings constructed by the plaintiff presently a resident of this State, in Virginia. All of the policies were apparently issued in Virginia on its statutory form. During the course of negotiations plaintiff was requested by defendants’ agent to appear in Virginia for the purpose of adjusting his claim. While there the defendants instituted actions against the plaintiff in the Circuit Court of the City of Norfolk, Va., by serving the plaintiff with summonses and complaints. Plaintiff disputed the validity of the service upon him claiming that the service of the summonses and complaints in said actions were procured through enticement, fraud and deceit in requesting him to appear in Virginia, but took no affirmative action in Virginia to adjudicate that question. Instead, and 10 days later, he brought suit in the United States District Court for the Southern District, seeking recovery for the fire losses and by two additional causes of action seeking to enjoin the defendants from prosecuting the Virginia cases. At the same time plaintiff applied to the United States District Court, Southern District, for a temporary injunction which was denied.
*1058 Upon such, denial plaintiff brought a proceeding in the Virginia actions contesting the validity of the service upon him. After the hearing the Virginia court upheld the service. A renewal of plaintiff’s motion for a stay was made again in the action pending in the Federal court, Southern District, which again was denied. Following this decision plaintiff filed a petition in the Federal court in Virginia requesting a removal of the actions in the Circuit Court of the City of Norfolk to that court. Prior to any determination in the Federal court of Virginia, plaintiff instituted new proceedings in this court identical in nature to that brought in the Southern District, including the two additional causes for the injunction. Defendants filed a petition removing this action to the United States District Court for the Eastern District of New York. Plaintiff immediately moved to remand the action back to this court which was denied, and upon reargument the original decision was adhered to. During this period the Federal court in Virginia denied plaintiff’s application to remove defendants’ actions pending in the Norfolk court, because of laches.
Plaintiff then instituted the present action seeking the same injunctive relief which he sought against the defendants in the Southern and Eastern District Courts, omitting the causes of action to recover on the policies. This action was commenced by the service of a summons and complaint upon the defendant, Commercial Union Fire Insurance Co., a resident corporation, and upon the Superintendent of Insurance as process agent for the defendant, American Liberty Insurance Company under section 59 of the Insurance Law, the validity of which service is contested by the defendants’ cross motion. After all three of the instant motions were argued the plaintiff filed in the action pending in the Eastern District, a self-executed stipulation, discontinuing the two causes of action seeking injunctive relief.
As the existence of the action itself depends upon the determination to be made relative to the cross motions, the court will pass upon them in the first instance.
Subdivision (e) of section 1446 of title 28 of the United States Code provides that where an action instituted in a State court has been removed to a Federal court, “the State court shall proceed no further unless and until the case is remanded ” (emphasis supplied). As the plaintiff’s application for remand had been denied there is no question that the court cannot proceed with the action removed to the Federal court. The issue is then presented whether or not a new action may be maintained in the State court after a prior action has been removed to the Federal court. In an analogous situation, *1059 the Court of Appeals in Fire Assn. of Philadelphia v. General Handkerchief Corp. (304 N. Y. 382), held that where a party’s action has been properly removed to a Federal conrt pursuant to subdivision (e) of section 1446, that party may not plead the same cause of action as a counterclaim in an action subsequently brought against him in a court of this State by the defendant in the Federal action. The court further stated (p. 385): “ On the removal thereof, the New York Supreme Court lost jurisdiction of that cause of action ” (emphasis supplied). Under the circumstances, the plaintiff was barred from instituting this action in this court as the court lost jurisdiction by the removal of the identical cause of action in the prior lawsuit. The institution of this action is an attempt to flout the authority of the Federal court after the removal of the case.
The authorities relied upon by the plaintiff in opposing this motion are inapposite in their facts or clearly distinguishable in law. Kline v. Burke Constr. Co. (260 U. S. 226) merely stands for the general proposition that separate actions of an in personam nature on the same cause of action involving parties of a diverse citizenship may be prosecuted simultaneously in a Federal as well as a State court and that both the State court and the Federal court, having concurrent jurisdiction, may proceed with the litigation. However, such general proposition of law is not applicable to a situation as presented herein where an action has been transferred from the State court to a Federal court. While it is true, under certain conditions, a plaintiff may institute a new cause of action on the same cause of action, after the action had been removed to a Federal tribunal, he can only do so if he voluntarily discontinues or dismisses the Federal court action without prejudice (Southern Ry. Co. v. Miller, 217 U. S. 209; El Paso & Southwestern Co. v. Riddle, 287 F. 173, affd. 294 F. 892); or, if in the State instituted suit he seeks less damages than the amount required for Federal jurisdictional purposes. (See El Paso & Southwestern Co. v. Riddle, supra.)
The purported discontinuance of the injunction causes in the Federal court was of no legal effect or binding upon the defendants. Bule 41 of the Federal Buies of Civil Procedure governs a voluntary dismissal under paragraph (1) of subdivision (a): “ an action may be dismissed by the plaintiff without an order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer * * * or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.” The filing of the notice in this case was a nullity, as the answers were filed prior to such notice. The courts have refused to sanction such practice even *1060 though, part of a claim was sought to be dismissed, holding that rule 41 (subd. [a], par. [1]) provides for the voluntary dismissal of an ‘ ‘ action ’ ’ not a ‘ ‘ claim ’ ’ and that the word “ action ” as used in the rules denotes the entire controversy and not a cause of action (Harvey Aluminum v. American Cyanamid, 203 F. 2d 105, cert. denied 345 U. S. 964; Neiman-Marcus Co. v. Lait, 14 F. R. D. 159).
While it is true that subdivision (a) of rule 41 refers to a dismissal, it has been held that a discontinuance has the connotation either of dismissal or of nonsuit and that such attempt to discontinue is an attempt to comply with the aforesaid rule (Kramer v. Jarvis, 86 F. Supp. 743; United States v. Bero Constr. Corp., 148 F. Supp. 295).
Upon the face of the record and the entire suit or action before this court when the petition was filed to transfer the action, the court was justified in surrendering its jurisdiction and permitting the removal of the action to the Federal tribunal.
Under the circumstances, the motion is granted.
As to the motion seeking an order to vacate the service of the summons and complaint upon the Superintendent of Insurance, the sole question is whether the action is one in which the Superintendent may be served within the authority provided for in section 59 of the Insurance Law.
Section 59 provides that no foreign or alien insurer shall be authorized to do business in this State unless there be filed a power of attorney, appointing the Superintendent as the lawful attorney of such insurer upon whom all law process “ in any action or proceeding against such insurer on a contract delivered or issued for delivery or a cause of action arising in this state may he served.” (Emphasis supplied.) As this is an action for an injunction without further relief, it is apparent that it is not an action against the defendant on a contract. The issue then resolves itself as to whether the action is predicated on a cause of action arising in this State. The cause of action, if any, has no connection with the State of New York. The gravamen of the complaint is an alleged wrong committed by the defendant in bringing an action for a declaratory judgment in Virginia by effecting service of a summons in Virginia under circumstances which plaintiff called fraudulent. Whatever took place occurred in Virginia. The origin of the telephone call was in Virginia and the alleged overt act of enticement, if any, stemmed from Virginia. Whether there was a conspiracy to entice plaintiff into Virginia and whether the service of the summons was valid and proper was passed upon by the Virginia court adversely to the plaintiff. His remedy was to appeal from such deter- *1061 ruination. Having failed to do so this court is bound. The difficulty of plaintiff’s position was his failure to institute the proper legal action at the proper time. Accordingly, the motion is granted.
Under all the circumstances, plaintiff’s motion for an injunction pendente lite is academic and the court will not pass upon it. Motion dismissed without prejudice.
Settle- order on notice.